OPINION OF THE COURT
Martin J. Kerins, J.
This is an action to recover the cost to repair plaintiff’s motor vehicle on the theory that the defendant breached the statutorily imposed warranties enacted by the State Legislature as General Business Law, article 11-A, § 198-a, commonly known as the New York "Lemon” Law. Applicable case law is virtually nonexistent.
The plaintiff, a consumer, purchased a new 1984 Ford Escort from the defendant, a Ford Motor Company authorized dealer, in February of 1984. On January 29, 1985, the plaintiff returned such motor vehicle to the defendant dealer for repairs to the vehicle’s transmission. At the time the vehicle had been driven 14,671 miles.
Plaintiff’s vehicle, at the time of such repair, was covered by a Ford Motor Company express warranty which reads as follows:
POWERTRAIN COVERAGE
"Coverage of defects found in factory material or workmanship in the components listed below begins upon the expiration of the 12-month or 12,000-mile basic coverage and ends at 24 months or 24,000 miles, whichever occurs first. You will be required to pay the first $100 of the warranty repair charges for each covered visit, unless the applicable component is covered under the Emissions Control Systems Warranties.”
*1091 Upon completion of the repairs to the transmission the defendant charged the plaintiff for the first $100 of the repair costs in accordance with the provisions of the express warranty, plus $7.50 tax.
The plaintiff brings this action claiming that he should not have been charged any amount for the repairs to his vehicle’s transmission. He contends that the "banana” he purchased is protected under the "Lemon” Law umbrella and, therefore, he shouldn’t get "soaked” for the cost of repair.
The Ford Motor Company’s basic warranty covers the entire vehicle for 12 months or 12,000 miles, whichever occurs first. Powertrain coverage, which includes the transmission, continues up to 24 months or 24,000 miles, whichever occurs first, and expressly includes a $100 deductible. Defendant contends that section 198-a does not preclude imposition of a deductible provided, as here, the specific amount is set forth as a condition of the warranty itself.
General Business Law, article 11-A, § 198-a was enacted into law by Laws of 1983 (ch 444). Section 198-a (b) of such law provides in pertinent part as follows:
"§ 198-a. WARRANTIES * * *
"(b) If a new motor vehicle does not conform to all applicable express warranties during the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle to such consumer, whichever is the earlier date * * * The manufacturer, its agent or its authorized dealer shall correct said nonconformity, defect or condition at no charge to the consumer”.
Moreover, the intention and purpose of such law are further defined in written memorandum: "This bill requires automobile manufacturers, their agents or dealers to repair, at no cost to the consumer, any warrantied defect, condition or nonconformity in a passenger motor vehicle for a period of two years or 18,000 miles of operation, whichever comes first.” (Memorandum of legislative representative of City of New York, McKinney’s 1983 Session Laws of NY at 2554.) And, "The bill extends the protections of the manufacturer’s express warranty * * * for repair of warrantied defects for two years or 18,000 miles, whichever occurs first.” (Id., at 2555.) Thus, it is abundantly clear that the New York "Lemon” Law provides purchasers of passenger motor vehicles with specific legal rights which are in addition to those given by automo *1092 bile manufacturers. Furthermore, the Ford Motor Company-warranty includes a footnote which states: "These warranties give you specific legal rights and you may also have other rights which may vary from state to state.”
The court finds that the plaintiffs motor vehicle falls within the purview of General Business Law § 198-a (b), and that such statutorily imposed warranties supplement the express warranties given by the Ford Motor Company. The court further finds that where, as here, the express warranty is inconsistent with the expanded protection imposed by statute, the manufacturer’s express warranty is superseded by such statute. (General Business Law § 198-a [b].)
Accordingly, judgment for the plaintiff in the sum of $107.50, plus costs and disbursements.