MIKOS v CHRYSLER CORPORATION

Docket No. 86200. Submitted October 22, 1986, at Lansing. Decided
    April 6, 1987.

    George and Rose Mikos brought an action in the Cheboygan
    Circuit Court against Chrysler Corporation and Cheboygan
    Motors, Inc. alleging breach of an implied warranty of mer-
    chantability. The court, Douglas A. Pugh, J., granted a judg-
    ment for plaintiff against Cheboygan Motors, Inc., on a jury
    verdict but denied plaintiff's request for attorney fees. Plaintiffs
    appealed.

    The Court of Appeals *held:*

    Breach of an implied warranty constitutes a failure to pro-
    vide the promised benefits, an unfair, unconscionable or decep-
    tive method, act or practice under the Consumer Protection Act
    and entitles the buyer to recover attorney fees under the act.

    Reversed and remanded.

CONSUMER PROTECTION — ATTORNEY FEES — IMPLIED WARRANTIES —
    CONSUMER PROTECTION ACT.

    Breach of an implied warranty constitutes a failure to provide
    the promised benefits, an unfair, unconscionable or deceptive
    method, act or practice under the Consumer Protection Act and
    entitles the buyer to recover attorney fees under the act (MCL
    445.903[1][y], 445.911[2]; MSA 19.418[3][1][y], 19.418[11][2]).

*Simpson & Moran, P.C. (by James C. Conboy,
Jr.),* for plaintiff.

Before: SULLIVAN, P.J., and SHEPHERD and R. M.
SHUSTER,* JJ.

PER CURIAM.

REFERENCES

Am Jur 2d, New Topic Service, Consumer Product Warranty Acts
    § 48.

Award of attorneys' fee in actions under state deceptive trade
    practice and consumer protection acts. 35 ALR4th 12.

* Circuit judge, sitting on the Court of Appeals by assignment.

FACTS

Plaintiffs appeal as of right from an order of the Cheboygan Circuit Court denying their request for attorney fees under the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.*

Plaintiffs brought a lawsuit against defendants, contending that the 1978 Plymouth Voyager van they purchased from defendant Cheboygan Motors was defective. The jury returned a verdict against defendant Cheboygan Motors, finding that it breached "its implied warranty of merchantability." Plaintiffs' proposed order of judgment included an award of attorney fees. Defendant objected to the proposed award of attorney fees. The parties briefed and argued the issue, after which the trial court rendered its opinion denying attorney fees. The court held that breach of an implied warranty does not invoke the protection of the Consumer Protection Act, which allows attorney fees, because an implied warranty does not constitute a "promised benefit" as that phrase is used in the act.

The parties waived oral argument on appeal, and defendant-appellee chose not to file a brief.

ISSUE

Do implied warranties constitute "promised benefits," as that phrase is used in the Michigan Consumer Protection Act, MCL 445.903(1)(y); MSA 19.418(3)(1)(y), thereby invoking the remedies provided by the act for their breach?

HOLDING

An implied warranty is as much a "promised

benefit" as an express representation by the seller. A breach of an implied warranty of merchantability is a violation of the Michigan Consumer Protection Act entitling the consumer to attorney fees.

### ANALYSIS

The Consumer Protection Act in MCL 445.903; MSA 19.418(3) provides:

> (1) Unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
>       \*   \*   \*
>
> (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or *failure of the other party to the transaction to provide the promised benefits.* [Emphasis added.]

A person who suffers loss as a result of a violation of this act may bring an action to recover actual damages, together with reasonable attorney fees. MCL 445.911(2); MSA 19.418(11)(2).

Plaintiffs assert that breach of an implied warranty constitutes a "failure to provide the promised benefits" entitling them to recover attorney fees under the act. The trial court disagreed, holding that the act speaks only to express representations made by the warrantor and does not extend to duties imposed by law such as implied warranties.

The term "promised benefit" is ambiguous in that it does not indicate who promised the benefit. The trial court assumed the benefit must be promised by the merchant. An implied warranty is, by definition, not expressly promised by the merchant. The trial court's construction of this phrase

would render breaches of implied warranties unactionable under the Consumer Protection Act.

A warranty that the goods shall be merchantable is implied by law in every contract for their sale if the seller is a merchant with respect to goods of that kind. MCL 440.2314(1); MSA 19.2314(1). Thus, as to implied warranties, the benefit is promised by law, not by the merchant. From the consumer's standpoint, it is just as much a promised benefit as if the merchant itself made the promise.

Courts in other jurisdictions with consumer protection legislation have found that breach of an implied warranty constitutes a violation of that legislation. The Ohio statute mentions only "warranties," but the Hamilton County Court of Common Pleas held in *Brown v Lyons,* 43 Ohio Misc 14; 72 Ohio Op 216, 218-219; 332 NE2d 380, 385 (1974), that a supplier's failure to honor implied warranties of merchantability in a consumer transaction constitutes a deceptive act and practice that violated the Ohio Consumer Sales Practices Act, Ohio Rev Code §§ 1345.02(A) and 1345.02(B)(10). Likewise, in *Tom Benson Chevrolet, Inc v Alvarado,* 636 SW2d 815 (Tex App, 1982), the Texas Court of Appeals held that breach of the implied warranty of merchantability violated that state's Deceptive Trade Practices-Consumer Protection Act, Tex Bus & Com Code Ann, art 17.45(4). See also *Breasett v Ford,* 129 Misc 2d 1090; 495 NYS2d 626 (1985).

### CONCLUSION

Breach of an implied warranty constitutes a "failure to provide the promised benefits," one of the definitions of an unfair, unconscionable or deceptive method, act or practice under the Michi-

gan Consumer Protection Act. A plaintiff who establishes breach of an implied warranty of merchantability is therefore entitled to attorney fees under the Consumer Protection Act.

Reversed and remanded.