OPINION OF THE COURT
Louise Gruner Gans, J.
Section 198-a of the General Business Law, otherwise *904 known as the New Car Lemon Law, provides that the court may award reasonable attorney’s fees "to a prevailing plaintiff or to a consumer who prevails in any judicial action or proceeding arising out of an arbitration proceeding held pursuant to subdivision (k) of this section. In the event a prevailing plaintiff is required to retain the services of an attorney to enforce collection of an award granted pursuant to this section, the court may assess against the manufacturer reasonable attorney’s fees for services rendered to enforce collecting of said award.” (General Business Law § 198-a [l].) This case presents a novel issue as to the interpretation of this provision —whether a consumer who prevails in a CPLR article 75 proceeding to vacate an arbitration award in favor of the manufacturer is entitled to an award of reasonable attorney’s fees.
Attorney’s fees have been awarded to consumers who have prevailed at arbitration and subsequently moved pursuant to CPLR article 75 to confirm their arbitration awards. (See, e.g., Lyeth v Chrysler Corp., 929 F2d 891 [2d Cir 1991]; Matter of Hynson [American Motors Sales Corp.], 164 AD2d 41 [2d Dept 1990]; Matter of Dawson [General Motors Corp.] 158 AD2d 756 [3d Dept 1990].) In each of these instances, the courts have emphasized that the literal meaning of the statute is clear. "When a party is required to seek judicial relief following arbitration and 'prevails’ in the judicial proceeding, reasonable counsel fees for the judicial proceeding may be awarded.” (Matter of Dawson [General Motors Corp.] supra, at 757.)
Prior to 1988 the Lemon Law simply provided for an award of attorney’s fees to a "prevailing plaintiff.” (General Business Law § 198-a [former (l)]) In 1988, the Legislature amended this provision, adding after the words "prevailing plaintiff,” the language "or to a consumer who prevails in any judicial action or proceeding arising out of an arbitration proceeding held pursuant to subdivision (k) of this section.” (The second sentence of subdivision [l] was added by an amendment in 1990.)
According to Senator Kehoe, the primary sponsor of the 1988 legislation, the amendment was intended to "clarif[y] provisions of The Lemon Law which have been interpreted by courts to prevent a consumer from being awarded attorney’s fees in situations where [a] consumer may prevail in an appeal from an arbitration yet not be awarded fees because they are not listed as the plaintiff. The original intent of the Lemon Law Legislation was to allow a consumer to be eligible *905 for attorney’s fees any time they may be [sic] prevail.” (Letter of Senator Kehoe to Evan A. Davis, Counsel to Governor, dated July 22, 1988, Bill Jacket, L 1988, ch 489.) The Memorandum of the Attorney-General to the Governor further explained: "If consumers are denied the opportunity to recover reasonable attorneys’ fees in Article 75 proceedings growing out of the program’s awards, they may be deterred from pursuing the benefits of arbitration as a realistic alternative to expensive and time-consuming litigation.” (Attorney-General Abrams’ Mem to Governor Cuomo, dated July 21, 1988, Bill Jacket, L 1988, ch 489.)
Relying on the legislative history, respondent argues that the 1988 amendment is limited to a consumer who prevails at arbitration and is compelled either to institute a CPLR article 75 proceeding to confirm the award, or to defend a CPLR article 75 proceeding instituted by the manufacturer to vacate the award. This argument ignores both the text of the 1988 amendment and its broad remedial purpose. (Matter of Hynson [American Motors Sales Corp.], supra, at 49-50.)
While the legislative history discusses the two specific situations identified by respondent as instances in which a consumer who is a party to a CPLR article 75 proceeding should be able to recover attorney’s fees (see, e.g., Attorney-General Abrams’ Mem to Governor Cuomo, op. cit), there is nothing in the legislative history to indicate that these are the only instances. This is especially so in light of the broad and unambiguous mandate of the statute authorizing the award of attorney’s fees to a consumer who prevails in "any judicial proceeding” (emphasis added). In the absence of language expressly precluding a consumer from recovering attorney’s fees when he prevails in a CPLR article 75 proceeding to vacate an arbitration award, the court cannot impose such a limitation on the applicability of the statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 94.)
Moreover, the denial of attorney’s fees to petitioner in this proceeding, after successfully vacating a clearly erroneous arbitration decision, would obviously frustrate the legislative purpose. The Lemon Law Arbitration Program was intended to enable consumers to pursue their rights without the necessity of court action. When the remedies provided under the arbitration process have been exhausted, however, and court action is necessitated, consumers who prevail at that stage may be compensated for their legal fees to "insure that [they] will be able to effectively prosecute Lemon Law claims.” *906 (Attorney-General’s Legislative Program 1987-1988, No. 42-88, Bill Jacket, L 1988, ch 489.)
Accordingly, petitioner’s motion to reargue that portion of the decision and order of this court dated October 22, 1993, is granted. On reargument the court determines that as the prevailing consumer in this CPLR article 75 proceeding, petitioner is entitled to an award of reasonable attorney’s fees pursuant to General Business Law § 198-a (l). In basing its previous decision on Chrysler Motors Corp. v Schachner (138 Misc 2d 501 [Sup Ct, Rockland County 1988]), the court overlooked the subsequent amendment of General Business Law § 198-a (l) which broadened the basis for attorney’s fees awards, and for that reason the granting of this motion is appropriate.
A hearing to determine the reasonable amount of attorney’s fees to which petitioner is entitled shall be conducted in Special Term Part 2.