*450 OPINION OF THE COURT
William H. Keniry, J.
At issue in this CPLR article 75 proceeding is whether or not an arbitration award made in a proceeding initiated under General Business Law § 198-a, the Lemon Law, should be vacated on the ground that the arbitrator exceeded his powers.
Petitioner, Safari Motor Coaches, Inc., as defined in General Business Law § 198-a (n) (2), is a manufacturer of motor homes which are sold in New York. In June 1992 respondent W. Russell Corwin purchased a new motor home manufactured by Safari from an Amsterdam, New York dealership for $110,806 plus sales tax and fees. Corwin took delivery of the motor home at Safari’s Oregon factory on June 8, 1992 with the intent of travelling to Alaska. Corwin alleges that immediately after delivery, he experienced problems with the windshield wipers which were corrected. In late June, Corwin’s wife smelled oil fumes while the couple was motoring in the State of Washington and a diesel fuel leak was found. It was this problem, as recited in the record and which although initially fixed, reoccurred over the next two months as the couple traversed the States of Montana, Wyoming, Colorado and South Dakota. The Corwins thereafter abandoned their plans to drive to Alaska and they returned to their Saratoga County, New York home. In September and October 1992 other less serious problems with the motor home were repaired in New York and Pennsylvania. In late February 1993 as the Corwins were driving near Mobile, Alabama, their third reported diesel leak took place and then a fourth leak occurred shortly thereafter in New Orleans. On their return trip home, the motor home had cruise control and speedometer problems. The vehicle was returned to the selling dealership where repairs were performed over a month-long period in April and May 1993. On August 20, 1993 Corwin sent a letter to Safari by certified mail reporting the history of the problems and the fact that there was yet another diesel leak.
A Lemon Law proceeding was initiated by Corwin. A hearing was held on December 3, 1993 with respondent Corwin appearing pro se and Safari by counsel. The arbitrator rendered a decision on December 6, 1993 in Corwin’s favor and ordered a full refund of the purchase price, registration fees and sales tax less a deduction for mileage used for a total of $111,673.05. The arbitrator held that Corwin demonstrated *451 that the diesel fuel leaks were not corrected by Safari after several attempts and that Safari, although it did not itself manufacture the engine, was the responsible party. The arbitrator further concluded that there was no evidence that any unauthorized modifications to the engine were made by Cor-win and that the vehicle was out of service for at least 30 days.
This proceeding was commenced by Safari under CPLR 7511 (b) (2) (iii). Safari, in its verified petition, alleges that the evidence fails to support the arbitrator’s award thus mandating that it be vacated. In its supporting affidavits, Safari contends that it made no express warranties to Corwin with respect to the diesel engine; that there was evidence that unauthorized modifications or alterations to the engine were permitted by Corwin as part of the efforts to fix the leak; that there was insufficient evidence that the problem remained uncorrected after four or more repair efforts or that the motor home was out of service for at least 30 calendar days; and finally that there was no evidence to support the finding that the defect substantially impaired the value of the motor home.
Corwin, now represented by an attorney, answered the petition and opposes the relief sought. Corwin first contends that this proceeding was untimely commenced. Next he asserts that the arbitrator’s findings that the diesel problem existed, that the problem was not corrected after four or more repair attempts, and that the motor home was inoperable for 30 days or more were supported by ample evidence. Respondent further argues that it was incumbent upon Safari to come forward with evidence under General Business Law § 198-a (c) (3) that the defect did not substantially impair the motor home’s value or that the defect was the result of unauthorized modifications or alterations and that Safari, in fact, introduced no evidence on such issues during the hearing.
CPLR 7511 (a) imposes a 90-day Statute of Limitations to make an application to vacate an arbitration award which commences upon delivery of the award to the moving party. CPLR 304 provides that a special proceeding be commenced by the filing of a notice of petition with the clerk of the court. Here Safari demonstrates that it received the arbitration award on December 10, 1993 and that its notice of petition was filed on March 7, 1994. The proceeding was commenced within the 90-day Statute of Limitations. The fact that respon *452 dent was not served until March 12, 1994 is irrelevant to this determination.
In Motor Vehicle Mfrs. Assn. v State of New York (75 NY2d 175), the case in which the Court of Appeals found the Lemon Law constitutional, the Court defined the standard by which a court may review the results of an arbitration proceeding brought under General Business Law § 198-a. The Court stated that since compulsory arbitration is involved, that judicial review is "broad, requiring that the award be in accord with due process and supported by adequate evidence in the record * * * The award must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78” (75 NY2d, at 186; accord, Matter of General Motors Corp. v Lee, 193 AD2d 741).
The court, for the reasons that follow, concludes that the arbitrator’s award was proper and that the arbitrator did not exceed his lawful authority.
Safari’s first contention is that it made no express warranties as to the motor home’s engine and component parts. Safari states that the engine was manufactured by Cummins Diesel and that the written warranty it made to Corwin expressly excluded the engine and its components. Section 198-a (c) (1) states that "[i]f * * * the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price”. Subdivision (n) of section 198-a sets forth special provisions concerning motor homes and defines a manufacturer as "any * * * corporation * * * engaged in the business of manufacturing or assembling new motor homes” (General Business Law § 198-a [n] [2]) and then goes on to refer to such manufacturer’s responsibility for any defect in a motor home (id., § 198-a [n] [4]).* Finally subdivision (7) of section 198-a (n) provides that "(7) Nothing in this section shall in any way limit, any rights, remedies or causes of action that a consumer or motor home manufacturer may otherwise have against the *453 manufacturer of the motor home’s chassis, or its propulsion and other components.”
The New Car Lemon Law Bill of Rights, which must be given by the manufacturer to a consumer, provides: "(1) in ADDITION TO ANY WARRANTIES OFFERED BY THE MANUFACTURER, YOUR NEW CAR, IF PURCHASED AND REGISTERED IN NEW YORK STATE, IS WARRANTED AGAINST ALL MATERIAL DEFECTS FOR EIGHTEEN THOUSAND MILES OR TWO YEARS, WHICHEVER COMES first.” (General Business Law § 198-a [m] [2].)
There is case law holding that warranties imposed statutorily in the Lemon Law control over a manufacturer’s express warranties and that where an express warranty is inconsistent with the expanded protection of the Lemon Law, the manufacturer’s express warranty is superseded (Breasett v Sayville Ford, 129 Misc 2d 1090). Safari has tendered no contrary judicial citation. Safari’s disclaimer of a warranty over one of the most integral components of its motor home, the engine, flies in the face of the Lemon Law’s intent and such disclaimer will not be given judicial imprimatur. Safari, as the manufacturer of the motor home, is responsible to the consumer for all defects which substantially impair its value. Safari’s recourse, as the statute envisions, is to itself proceed against the component part manufacturer. The Lemon Law is proconsumer legislation. The legislation’s intent makes it clear that a manufacturer is to be held responsible for its product and that the consumer is not obliged to seek recourse against any party other than the manufacturer.
Here the record amply supports the arbitrator’s findings that there was a defect in the motor home’s diesel engine causing major fuel leaks on at least five separate occasions; that the defect substantially impaired the value of the motor home; and that the defect was not remedied after at least four separate repair attempts. The only evidence before the arbitrator was the testimony of respondent Corwin and his written summary of events. Safari, as noted earlier, had the burden of proving that the diesel leaks did not substantially impair the motor home’s value or that the condition was the result of unauthorized modifications or alterations. It, however, introduced no evidence at the hearing (Jandreau v La Vigne, 170 AD2d 861; Matter of Walker v General Motors Corp., 159 Misc 2d 651). Thus, the arbitrator acted within his powers to accept Corwin’s version of events.
The court has little difficulty sustaining the arbitrator’s *454 conclusion that the defect in the engine was a significant one which posed obvious hazards, both of an environmental and safety nature. Corwin purchased a very expensive motor home and should have received a product which was free from defects of this nature. This motor home, as the record presented to the arbitrator disclosed, was, in tact, a "lemon”. The arbitrator acted well within his powers in ordering that Safari make the restitution that the statute permits.
Having found that the arbitrator did not exceed his powers, the court denies Safari’s motion to vacate the award and pursuant to CPLR 7511 (e) confirms the award.
Respondent Corwin is further entitled to recover the maximum additional penalty of $500 under General Business Law § 198-a (h) and to recover his reasonable attorney’s fees under General Business Law § 198-a (l) since, as the consumer, respondent prevailed in this judicial action (Matter of Walker v General Motor Corp., 160 Misc 2d 903; Matter of General Motors Corp. v Fischer, 140 Misc 2d 243). Respondent’s attorney shall submit to the court an affidavit detailing her services within 20 days hereof with a copy thereof to petitioner. Petitioner shall then have 10 days within which to raise any objection thereto. Following its review of said affidavit and objections, if any, the court will determine the amount of the attorney’s fee which respondent is entitled to recover from petitioner.
The petition is denied and the arbitrator’s award is confirmed with costs to respondent.

 Section 198-a (n) (3) excludes from the Lemon Law defects in a motor home’s residential-type components.