■ In the Matter of the Arbitration between SAFARI MOTOR COACHES, INC., Appellant, and W. RUSSELL CORWIN, Respondent. [638 NYS2d 992] —White, J.

This appeal involves the New Car Lemon Law (General Business Law § 198-a), which in essence creates a statutory warranty obligating manufacturers to repair, without charge, or, under certain conditions, "buy back" any new motor vehicle which fails to conform to all express warranties during the first 18,000 miles of operation or during the two-year period immediately following the delivery of the vehicle, whichever comes first (*see, Matter of Hynson [American Motors Sales Corp.]*, 164 AD2d 41, 45; *see also*, General Business Law § 198-a [b] [1]; [c] [1]; [n] [4]). The "buy back" remedy arises when a manufacturer, after a reasonable number of attempts, is unable to correct a defect or condition that "substantially impairs" the value of the vehicle (General Business Law § 198-a [c] [1]). When this occurs, the manufacturer, at the option of the consumer, must either replace the vehicle with a comparable one or accept the return of the vehicle and refund the full purchase price to the consumer (*ibid.*). The statute further provides the consumer with the option of compelling the manufacturer to submit to arbitration to settle disputes arising under it (General Business Law § 198-a [k]).

Respondent selected this option when the motor home manufactured by petitioner, which he purchased on June 8, 1992, developed diesel fuel leaks that were not repaired to his satisfaction. At the conclusion of the arbitration hearing, the arbitrator found, *inter alia*, that despite four or more attempts to repair the fuel leak problem, it continues to exist and that it substantially impairs the value of the motor home. Based on these findings, he awarded respondent a full refund of the purchase price of the motor home. Petitioner's petition, pursuant to CPLR 7511 (b) (1) (iii), to vacate the award was denied by Supreme Court (162 Misc 2d 449), prompting these appeals.

Because Lemon Law arbitration is compulsory, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and have a rational basis supported by adequate evidence in the record (*see, Motor Vehicle Mfrs. Assn. v State of New York*, 75 NY2d 175, 186; *Matter of General Motors Corp. v Lee*, 193 AD2d 741).

The record[1] shows that 17 days after purchasing the motor home, respondent noticed he was losing about a gallon of diesel fuel per mile. He contacted petitioner which advised him to contact Cummins Diesel Engine, the manufacturer of the engine. Repairs were made by Cummins personnel; however, on July 17, 1992 a second large leak occurred necessitating further repairs. Thereafter, two more large leaks requiring repairs occurred during a trip respondent made in 1993. These repairs were also unsuccessful since two more leaks developed when respondent returned to New York.

Petitioner points out that before liability arises under the Lemon Law, a manufacturer or its agents or authorized dealers must have been given a reasonable number of opportunities to repair the defect (General Business Law § 198-a [c] [1]). Inasmuch as Cummins was not its agent or authorized dealer, petitioner maintains that the arbitrator exceeded his authority in imposing liability upon it since the requirements of the cited statute were not satisfied.

This argument overlooks General Business Law § 198-a (n) (4), which is specifically applicable to motor homes. This provision refers not only to the manufacturer of a motor home, its agents or authorized dealers, but also to repair shops to which they refer a customer. Clearly, this case comes within this statute for, as noted by the arbitrator, the record discloses that petitioner referred respondent to Cummins when notified of the first leak, which is understandable since it did not warrant the engine and its components, whereas Cummins did. Accordingly, we reject petitioner's argument that it was not afforded a reasonable opportunity to repair the subject vehicle. Further, as noted by Supreme Court, the fact that petitioner did not warrant the engine has no affect on its liability because the statute makes the manufacturer of a motor home responsible for any defect which substantially impairs its value (General Business Law § 198-a [n] [4]).

In light of petitioner's failure to present any evidence at the

---

1. As there is no stenographic or other record of the arbitration hearing, the facts set forth herein are taken from respondent's affidavit, sworn to April 21, 1994. Notably, petitioner does not contend that this affidavit does not accurately reflect respondent's testimony at the hearing.

arbitration hearing, its argument that the arbitrator exceeded his authority in not considering the affirmative defenses that the fuel leaks did not substantially impair the value of the motor home and that they resulted from unauthorized modifications or alterations is meritless (see, *Jandreau v La Vigne*, 170 AD2d 861, 862).

Therefore, taking into account the presumption that, when a defect has been subject to repair four or more times, a manufacturer has been afforded a reasonable number of attempts to conform the vehicle to the applicable warranties (General Business Law § 198-a [d] [1]),[2] and as we agree the leakage of copious amounts of fuel oil is a defect that substantially impairs the value of a motor vehicle, we conclude that the arbitrator's award is amply supported by the evidence and has a rational basis. Thus, we shall affirm as there is no basis for vacating the award.

Finally, since respondent prevailed on this appeal, he is entitled to an award of counsel fees (see, *Lyeth v Chrysler Corp.*, 929 F2d 891, 900; see also, General Business Law § 198-a [l]). Predicated upon our review of the affidavit of services by respondent's attorney, we shall award respondent counsel fees in the sum of $3,200.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, with costs to respondent, by awarding respondent counsel fees in the sum of $3,200, and, as so modified, affirmed. [See, 162 Misc 2d 449.]

---

2. The provisions of General Business Law § 198-a (n) (6) are inapplicable since petitioner did not provide respondent with the required notice.