OPINION OF THE COURT
Stephen A. Ferradino, J.
This action is a result of a dispute over the purchase by the plaintiffs, residents of the State of New Jersey, of a used car from the defendant, a used car dealership located in South Glens Falls, New York. The automobile at issue is a 1992 Ford Ranger. The sale occurred on September 5, 1996, and included a purchase price of $12,000, a retail certificate of sale, and 60-day or 3,000-mile warranty. After the sale, the plaintiffs drove the vehicle to New Jersey, and immediately encountered mechanical problems. On September 9, 1996, Mark Kepenis contacted the defendant to report the problem. To its credit, an agent of the defendant told Mr. Kepenis to take the vehicle to Kaytes Ford in Butler, New Jersey, for an estimate of the cost of repair. Kaytes Ford did substantial repairs to the brakes, the necessity for some of which the defendant questions, and the plaintiffs were reimbursed by Carriage Traders. Shortly after picking up the vehicle at Kaytes Ford, the vehicle allegedly began malfunctioning in other ways. Once again, the plaintiffs took the vehicle to Kaytes Ford pursuant to the instruction of an agent for the defendant, and were told of serious defects in the automobile. This time, after being informed of the defects, and of the plaintiffs’ desire to get a refund of the purchase price, the defendant declined to pay for any repair work by Kaytes Ford, and instructed the plaintiffs to have the vehicle towed to Carriage Traders. On October 18, 1996, the plaintiffs transported the vehicle by flatbed truck to the defendant’s premises. The defendant’s agents made some repairs to the vehicle, but contested the plaintiffs’ claim, bolstered by the opinion of agents of Kaytes Ford, that the damages were extensive and included flood damage. Once again, an agent of the defendant refused Mr. Kepenis’ request for a refund pursuant to the Lemon Law (General Business Law § 198-b). The plaintiffs refused to retrieve the vehicle from the defendant’s lot. This action followed.
The plaintiffs’ complaint contains nine causes of action. The first cause of action alleges a violation of General Business Law § 198-b. The second and third causes of action allege violations of section 417 of the Vehicle and Traffic Law. Fraud is alleged in the fourth cause of action. Unjust enrichment is the ground for the fifth cause of action. The sixth cause of action *876 seeks rescission based upon mutual mistake. The seventh cause of action alleges breach of warranty. The eighth cause of action alleges breach of contract. Finally, the ninth cause of action alleges a breach of the Uniform Commercial Code.
The plaintiffs have now moved for an order granting them summary judgment on the first, second, third, fourth and ninth causes of action. For the following reasons, the motion is granted to the extent that the plaintiffs shall be granted an order awarding them summary judgment on the first cause of action. Summary judgment on that cause of action is limited to the demanded refund of the purchase price of the vehicle, and all fees and taxes. Though other damages sought pursuant to section 198-b of the General Business Law, the basis for cause of action number one, may be recoverable under another theory, the demanded interest, automobile insurance, and costs of towing, are not recoverable pursuant to General Business Law § 198-b (c) (1).
Section 198-b of the General Business Law forbids a used automobile dealer from selling a used motor vehicle without giving the purchasing consumer a written warranty, as specified by the statute (93 NY Jur 2d, Sales and Exchanges of Personal Property, § 150). In addition, the statute provides a framework for recovery by the consumer should the warranty be breached (General Business Law § 198-b [c] [1]). Though enacted to aid the consumer in his or her dealings with the used car dealer (Matter of Walker v General Motors Corp., Pontiac Motor Div., 160 Misc 2d 903; Kaltz v Stein, 133 Misc 2d 258), section 198-b does create some hurdles over which the consumer must struggle. Though a defective vehicle may be returned for a refund (General Business Law § 198-b [c] [1]), the dealer must first be afforded an opportunity to correct the defect or malfunction. General Business Law § 198-b (c) (2) provides:
“It shall be presumed that a dealer has had a reasonable opportunity to correct a malfunction or defect in a used motor vehicle, if:
“(a) The same malfunction or defect has been subject to repair three or more times by the selling or leasing dealer or his agent within the warranty period, but such malfunction or defect continues to exist; or
“(b) The vehicle is out of service by reason of repair or malfunction or defect for a cumulative total of fifteen or more days during the warranty period. Said period shall not include days when the dealer is unable to complete the repair because *877 of the unavailability of necessary repair parts. The dealer shall be required to exercise due diligence in attempting to obtain necessary repair parts. Provided, however, that if a vehicle has been out of service for a cumulative total of forty-five days, even if a portion of the time is attributable to the unavailability of replacement parts, the consumer shall be entitled to the replacement or refund remedies provided in this section.”
The plaintiffs allege that the automobile was, in fact, out of service for more than 15 days, and, therefore, they were, as a matter of law, entitled to a refund and other relief provided by the statute. The defendant contends that the time the vehicle remains in the plaintiffs’ possession should not be included in the 15-day period. Quite logically, it alleges that, if the law was construed otherwise, a buyer could keep the automobile in a garage for 15 days after a breakdown, and claim a refund, without giving the dealer an opportunity to remedy the defect. While the defendant’s logic is compelling, the statute’s wording is more so. If the Legislature had intended the 15-day period to include only that time during which it is being serviced, and out of the buyer’s possession, the statute could have so provided. Instead, it included the words malfunction and defect as reasons for being out of service. Implicit in including the words “malfunction and defect” is a legislative intent to include time when the vehicle had broken down but was not in the dealer’s possession for the purpose of repair. With a finding that the statutory time period included time when the vehicle, while malfunctioning, was within the plaintiffs’ possession, the time had, in fact, expired, and the plaintiffs are entitled to a refund.
Finally, though the defendant pleaded the statutorily recognized affirmative defenses, that the malfunction or defect does not substantially impair the value of the vehicle (General Business Law § 198-b [c] [1] [a]), and “[t]he malfunction or defect is the result of abuse, neglect or unreasonable modifications or alterations of the used motor vehicle” (General Business Law § 198-b [c] [1] [b]), there is no dispute that the vehicle was stuck in a low gear and undriveable for a substantial amount of time, and had sustained some corrosion. The defendant presents only speculation to challenge the need for substantial brake repair following the trip from New York to New Jersey. The factually unchallenged malfunctions and defects negate the first affirmative defense as a matter of law. Regarding the second affirmative defense, there are no factual allegations that the plaintiffs in any way abused the vehicle, and, therefore, that affirmative defense is equally meritless.
*878 Addressing the remaining relief sought in the complaint, there are issues of fact which preclude summary judgment. Though the plaintiffs’ allegations are sufficient to satisfy the minimal statutory burden established by the General Business Law and justify an ordered refund, pursuant to the “Lemon Law”, the conflicting factual allegations preclude summary judgment on the remaining claims. Finally, though the plaintiffs are entitled to attorney’s fees pursuant to section 198-b, the amount claimed, nearly $12,000, or approximately 80 hours of work at $150 per hour, is disputed. A judgment for that amount will not be granted on the proof currently before the court.