Matter of Daimlerchrysler Corp. v Catherman (2004 NY Slip Op 50546(U))

[*1]

Matter of Daimlerchrysler Corp. v Catherman

2004 NY Slip Op 50546(U)

Decided on June 17, 2004

Supreme Court, Albany County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2004

Supreme Court, Albany County
In the Matter of the Application of DAIMLERCHRYSLER CORPORATION, Petitioner,
against
TAMMY CATHERMAN, Respondent.
1265-04

Justin E. Proper, Esq., Attorney for Petitioner, The Rose Law Firm, PLLC, 501 New Karner Road, Albany, New York 12205

Louis C. Benza, J.
Petitioner seeks judgment pursuant to CPLR article 75 vacating an award of arbitration based on an error of law and seeking judgment for petitioner in all respects or, alternatively, a new hearing. Respondent does not appear and oppose this relief.
In March 2003, respondent purchased a 2003 Dodge Caravan from Simmons Rockwell Dodge Chrysler Jeep. The vehicle was manufactured by petitioner. After more than four attempts to repair, inter alia, a transmission problem, respondent filed a request in October 2003 for Lemon Law Arbitration with the Attorney General. Respondent's complaint was focused on whether there were four or more attempts to repair the same defect and, as such, is governed by General Business Law § 198-a (d) (1). Respondent did not contend that the vehicle had been out of service for 30 or more days within the first 18,000 miles or two years, as set forth in General Business Law § 198-a (d) (2). Thereafter, the administrator of Lemon Law Arbitrations, the Dispute Resolution Association, assigned respondent's request to an arbitrator.
It is noted that in March 2003, the Attorney General departed from prior policy and promulgated that "a consumer [was] entitled to relief * * *if a defect continued to exist after [the requisite number] of repair attempts * * *, notwithstanding that the defect was subsequently repaired" (Petitioner's Memorandum of Law; exhibit "B" [emphasis added]). The forms provided to arbitrators were subsequently revised to reflect this policy change and indicated that a refund could be made if "there were 4 or more attempts for the same problem within 18,000 miles or 24 months, whichever is earlier, and the problem continued to exist at the end of the 4th [*2]repair attempt" (Verified Petition, exhibit "C"). Using the new protocol, and after a hearing in November 2003, the arbitrator determined that respondent was entitled to a refund of the purchase price and expenses because "there were 4 or more attempts for the same problem within 18,000 miles or 24 months, whichever is earlier, and the problem continued to exist at the end of the 4th repair attempt" (id.). As a result, petitioner brought this CPLR article 75 proceeding to vacate the arbitrator's determination and order judgment in favor of petitioner or, alternatively, remanding the proceeding for a new hearing.
"Because Lemon Law arbitration is compulsory, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and have a rational basis supported by adequate evidence in the record" (Matter of Safari Motor Coaches Inc. (Corwin), 225 AD2d 921, 922 [1996]). Here, the Court determines the award was irrational. General Business Law § 198-a (d)(1) provides:

the same nonconformity, defect or condition has been subject to repair four or more times by the manufacturer or its agents or authorized dealers within the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date, but such nonconformity, defect or condition continues to exist [emphasis added] (id.).
In accord with this statutory mandate, the prior policy of the Attorney General required that the defective condition continued to exist at the time of the hearing (Petitioner's Memorandum of Law; exhibit "B", ¶ 2). The Court is unpersuaded that Matter of Bay Ridge Toyota, Inc. v Lyons (272 AD2d 397 [2002]) supports the Attorney General's new construction of the statutory language and change in policy. In Matter of Bay Ridge Toyota, the Second Department affirmed an arbitrator's award for a consumer when his vehicle was out of service for 15 days during the Lemon Law protection period.[FN1] Unlike General Business Law § 198-a (d)(1), which requires the that the defect "continue to exist", there is no statutory direction in the "out of service" portion of the Lemon Law requiring a showing that the vehicle is presently inoperable (see, General Business Law 198-a [d] [2]). Given that the arbitrator rendered his decision using a form that in this Court's view proscribes an incorrect legal standard, the arbitrator's award must be vacated.
Further, the Court determines that petitioner is entitled to judgment. In support of its application, petitioner submits the affidavit of its automotive expert. His affidavit states that he was present at the hearing and he observed road-testing of the vehicle. He opines that at the time of the hearing, the vehicle's transmission operated within normal limits. Given that respondent does not appear and offer any conflicting evidence, the Court determines that judgment is appropriate for petitioner.
Accordingly, petitioner's application is granted . All papers including this Decision and Judgment are returned to petitioner's attorney. The signing of this Decision and Judgment shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable [*3]provisions of this rule with regard to filing, entry and Notice of Entry.

Footnotes

Footnote 1:The vehicle in Bay Ridge Toyota concerned a used vehicle and the "out of service" period is 15 days (General Business law § 198-b).