OPINION OF THE COURT
Louis C. Benza, J.
*969 Petitioner seeks judgment pursuant to CPLR article 75 vacating an award of arbitration based on an error of law. In opposition, respondent cross-moves for, inter alia, an order confirming the arbitrator’s award. The Attorney General also moves this court for leave to appear as amicus curiae.
In its verified petition, petitioner alleges the following. Respondent purchased a 2003 GMC Sierra, a vehicle manufactured by petitioner, from a dealership known as LaQua 481. In April 2003 respondent brought the vehicle to LaQua because the vehicle would not shift past second gear. On the second repair attempt, in May 2003, the shifting problem was repaired. Thereafter, respondent returned the vehicle to LaQua on three occasions, complaining that, inter alia, the vehicle would not start. On each occasion, the vehicle was repaired and returned to respondent. Respondent subsequently filed a request for arbitration pursuant to General Business Law § 198-a (the Lemon Law).
The Lemon Law entitles a consumer to either recover the value of his or her vehicle, or obtain a comparable replacement vehicle, upon showing that a manufacturer has failed to remedy a defect after a reasonable number of repair attempts. The statute contains a presumption that a reasonable number of repair attempts has been made where the same problem has been subject to repair four or more times, or the vehicle is out of service by reason of repair for one or more problems for 30 days (General Business Law § 198-a [d]). If a consumer demonstrates that it is entitled to the presumption, it is incumbent upon the manufacturer to demonstrate either that the defect does not substantially impair the value of the vehicle or the defect is due to the consumer (§ 198-a [c] [3] [i], [ii]). Pursuant to the statute, a party may elect arbitration of such claims and, here, respondent received an arbitration hearing in February 2004.
The parties contest the evidence adduced at this hearing. In its verified petition, petitioner alleges that respondent conceded that the vehicle was not out of service in excess of 30 days, acknowledged that the shifting problem was repaired after the second repair attempt, and that, after the final repair, the vehicle has not failed to start. In his opposition and in support of his cross motion, respondent denies that the vehicle was repaired and, further, argues that the vehicle was out of service in excess of 30 days. In any event, the arbitrator determined that respondent was entitled to a refund in the amount of $32,413.58. The arbitrator based the award on his finding “that *970 there were four or more attempts . . . and the problem continued to exist at the end of the fourth repair attempt” (verified petition, exhibit C). As a result, petitioner commenced the instant proceeding seeking to vacate the arbitrator’s award. Thereafter, the Attorney General moved for leave to appear amicus curiae.
In support of its application, petitioner contends that the arbitrator’s decision is not supported by the evidence and, as such, must be vacated. Further, petitioner argues that, due to a change in policy of the Attorney General and concomitant change in forms, the arbitrator’s determination is based on an erroneous legal standard. Specifically, the new policy of the Attorney General, as promulgated by the arbitration forms, requires only that a defect exist after a fourth repair attempt and not, as previously required, at the time of the hearing.
At the outset, this court has on prior occasions been asked to determine the appropriateness of the new standard promulgated by the Attorney General in the arbitration forms in the context of proceedings to vacate arbitration awards. On these occasions, this court has determined that the standard set forth in the forms was an error at law (DaimlerChrysler Corp. v Arvonio, Sup Ct, Albany County, July 6, 2004; DaimlerChrysler Corp. v Catherman, 3 Misc 3d 1110[A], 2004 NY Slip Op 50546[U] [Sup Ct, Albany County, June 12, 2004]; Saturn Corp. v Guidice, Sup Ct, Albany County, Mar. 11, 2004). It is noted that, in these prior cases, the arguments raised by the Attorney General herein were not before the court. As such, the court grants the Attorney General leave to appear amicus curiae as the court determines that such appearance would be beneficial to determination of the issues.
Turning to the merits, the court rejects petitioner’s contention that the arbitrator’s determination, finding that the vehicle was subject to repair four or more times for the same, problem, is not supported by the record. Petitioner fails to submit a transcript of the arbitration proceedings and, instead, supplies an affirmation by its attorney, who attended the arbitration, and an affidavit of an automobile repairperson from the dealership, who was also present at the arbitration. These, submissions are insufficient to challenge the factual finding of the arbitrator as they do not provide a record of the evidence before the arbitrator for this court to review. The court also notes that it may not rely on petitioner’s submissions to establish the record as its submissions are contradicted by the arbitration form *971 and respondent’s submissions. Specifically, the form states that the transmission would not shift correctly and the truck could not be started because the gear indicator was in the wrong gear. Further, the affidavit of Sheila Warner states the truck failed to start because it could not be shifted into park. Thus, there is some evidence in the record that, if credited, supports that these two problems were related. Accordingly, petitioner has not demonstrated that a lack of evidence warrants vacatur of the arbitrator’s award.*
Next, petitioner contends that the arbitrator applied an incorrect legal standard based on the form provided to him by the Attorney General. Petitioner argues that the form now provided reflects a change in policy requiring only that a vehicle be subject to four unsuccessful repair attempts for the same problem before a consumer is entitled to a presumption that the manufacturer failed to repair the vehicle after a reasonable number of repair attempts. The Attorney General counters that the policy was changed after he reviewed existing policies as a result of Matter of Bay Ridge Toyota v Lyons (272 AD2d 397 [2000]) issued by the Appellate Division, Second Department. In essence, the Attorney General argues that its current policy is the correct one, and the determination thereof is entitled to deference.
Initially, the court observes that as the issue presented is “one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent . . . , the [court] need not accord any deference to the agency’s determination, and is free to ascertain the proper interpretation from the statutory language and legislative intent” (Matter of Belmonte v Snashall, 2 NY3d 560, 566 [2004], quoting Matter of Gruber [New York City Dept. of Personnel], 89 NY2d 225, 231 [1996]). From these precepts, the court begins, as it must, with the language contained in the statute, giving effect to its plain meaning (see, American Tr. Ins. Co. v Sartor, 3 NY3d 71 [2004]). In so doing, the court is cognizant that all subdivisions of the statute must be read in harmony so as to give effect to all parts (see, Rangolan v County of Nassau, 96 NY2d 42, 48 [2001]).
General Business Law § 198-a provides that if “the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable *972 number of attempts, the manufacturer . . . shall replace the motor vehicle with a comparable motor vehicle” (General Business Law § 198-a [c] [1] [emphasis added]). A consumer is entitled to a presumption that a reasonable number of repair attempts have been made if the vehicle is either out of service in excess of 30 days or there have been four or more attempts at repair and the defect continues to exist (§ 198-a [d]). It is the latter language that is at issue here.
Here, respondent and the Attorney General urge that the phrase “continues to exist” modifies the prior language “four or more times” and, as such, a consumer is entitled to the presumption if, after four repair attempts, the defect continues to exist, regardless of whether the defect is subsequently repaired. They argue that this interpretation is required when the entire act is read as a whole so as to give effect to all provisions, and, in light of the legislative history, persuasive authorities from other jurisdictions and remedial nature of the statute.
The court cannot agree. Initially, the court notes that although legislative history is relevant, the most compelling evidence of legislative intent is derived from the language itself (see, Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d 328, 335 [2003]). Here, the court agrees that the language continues to exist modifies the phrases four or more times. Thus, the plain language contemplates instances where more than four attempts would be made, and still requires that a defect continues to exist. To interpret this language otherwise would not give full effect to all the words in the statute and would be contrary to its plain meaning, exactly the problem of which respondent and the Attorney General complain. As such, this language sets only the minimum number of repairs that a consumer is required to attempt, not the maximum, before the presumption is implicated. The remaining sections relied on by the Attorney General (General Business Law § 198-a [c] [3]; [m] [1], [2]) can be harmonized by this court’s interpretation and do not compel a different result.
General Business Law § 198-a (m) (1) and (2) also recites the “four or more” attempts language. Thus, when subdivision (d) is read with subdivisions (c) and (m), all parts harmonize and lead to the same result. As such, the court determines that the presumption does not arise unless the defect is present after the last repair attempt. This court’s determination should not be construed as stating that four attempts are insufficient for the presumption to arise. Rather, this court merely states that in *973 the event that the consumer elects to afford the manufacturer additional attempts to remedy the defect, and the consumer acknowledges that such additional attempt is successful, the consumer has not established the elements giving rise to presumption.
Next, the Attorney General argues that it is irrational for a consumer whose vehicle is out of service for 30 days to receive the benefit of an automatic presumption, while a consumer, who has four unsuccessful attempts and the manufacturer finally fixes the vehicle on the fifth attempt, is not. The court notes only that it is not for the judiciary to question the wisdom of the Legislature in determining that one consumer is more worthy of relief than another. Rather, the court must interpret the statute as written, and give effect to all of the words contained therein. Here, the statute contemplates separate requirements for the categories of repair attempts versus days out of service. To the extent that this language should be changed, it is for the Legislature to change the language, not the courts.
Further, the court is unpersuaded that such a requirement would require consumers to engage costly experts to determine whether a defect continues to exist. The court is not aware of any canon or rule of statutory construction that allows a court to consider the requisite burden of proof in interpreting the plain meaning of statutory language. While certainly a court cannot accord an interpretation to statutory language in which a burden would be unreasonably high in light of the purpose of the statute, the court is unconvinced that the present circumstances present such a situation. In fact, the consumer is in no different of a position than he or she has been since the legislation’s inception — 16 years ago. Indeed, the 1999 report of the Attorney General applauds the success of the program, which has yielded over $150 million in consumer awards since 1987.
Additionally, the court is unpersuaded that decisions reached in other jurisdictions warrant a different result, particularly in view of the fact that in at least one jurisdiction a review of the statutory language reveals significant differences in the Lemon Law program (see, e.g., Vt Stat Ann, tit 9, §§ 4170-4181). Finally, to the extent that Matter of DaimlerChrysler Corp. v Spitzer (6 Misc 3d 228 [Sup Ct, Albany County 2004, Cannizzaro, J.]), and others hold differently, this court respectfully disagrees for the reasons stated.
*974 Accordingly, petitioner’s application is granted to the extent that it seeks a new hearing; such hearing shall be conducted consistent with this court’s determination. All other relief is denied.

 It is noted that the Attorney General takes no position on this issue.