OPINION OF THE COURT
Martin J. Kerins, J.
This is an action to recover $1,500 for breach of warranty within the scope of General Business Law § 198-b which *259 applies to sales of used motor vehicles and is commonly known as the New York State "Lemon Law”.
On March 6, 1985, plaintiffs purchased a used car from the defendant for $4,662.50 inclusive of tax. The defendant is a licensed dealer who operates his used car dealership from his residence. At the time of purchase, such car had an odometer reading of 47,191 miles. Defendant did not provide any warranty for the car. Indeed, the bill of sale contained the notation "As Is”.
Before the clock struck midnight on the 14th day after purchase, plaintiffs’ motor carriage turned into a pumpkin. It developed serious engine problems which were highlighted by the complete loss of oil. Clearly, this gave a strong indication that this "pumpkin” belonged in the citrus family.
Plaintiffs’ expert testified that he inspected the car at the time of purchase and reinspected it after plaintiffs reported it running out of oil. Upon removing the right side valve cover, he discovered that a new gasket and seals had been installed within a very short time, yet oil continued to collect on the spark plugs. He concluded that at the very minimum the car needed new valve guides, which he estimated would cost between $450 and $550. Such a defective condition is clearly within the purview of the warranty imposed by the "Lemon Law” (General Business Law § 198-b [b] [2] [a]).
Under the "Lemon Law”, if a used car has more than 36,000 miles, a dealer may not sell it without giving the consumer a written warranty applicable for a minimum of 30 days or 1,000 miles, whichever comes first (General Business Law § 198-b [b] [1] [b]). If a dealer fails to give the written warranty, then a warranty shall be deemed to have been given as a matter of law (General Business Law § 198-b [d] [1]). Said law requires a dealer to repair or reimburse a consumer beyond the warranty period provided that the consumer notifies the dealer of the failure of a covered part within the specified warranty period (General Business Law § 198-b [b], [c]). The question to be decided here is whether the plaintiffs notified the dealer of the defective condition within the 30-day warranty period.
Plaintiffs testified that immediately upon learning of the defective condition they went to defendant’s house to notify him of such condition. They further testified that within 30 days of the date of purchase they made several visits to defendant’s house and on at least one such visit they left a *260 message with defendant’s mother. Additionally, interspersed with such visits, they made numerous phone calls to the defendant’s home/business, none of which were returned. The defendant testified that the only notice he received was a written notice dated July 16, 1985, well beyond the 30-day period.
Section 198-b of the New York "Lemon Law” contains no specific method, written or otherwise, whereby a consumer notifies a dealer of a defective part. The dealer in the case at hand was a one-man operation who conducted his business from his home. There was no commercial establishment, no agents and no employees upon whom notice could have been given by plaintiffs. Under these circumstances, plaintiffs’ efforts to notify the defendant were sufficiently reasonable and diligent to constitute notice within the intent of General Business Law § 198-b (b) (3). Indeed, the basic intent of the "Lemon Law” is to provide additional protection for automobile consumers and to expand the rights and remedies of such consumers. Such intent may not be thwarted by a dealer who is incommunicado.
The court finds that the plaintiffs notified the defendant of the engine failure within the 30-day warranty period. The court further finds that the defendant failed to repair or reimburse the plaintiffs for the reasonable cost of such repair and therefore is in default of the "Lemon Law” warranty (General Business Law § 198-b).
Accordingly, judgment for plaintiffs in the sum of $500, together with costs and disbursements.