DAVID A. LOOMIS, Respondent, v "STU" MAGUIRE'S EQUIPMENT SALES, INC., Appellant.

Third Department, January 29, 1987

## APPEARANCES OF COUNSEL

*Livingston T. Coulter* for appellant.

*McMahon & McMahon, P. C. (Peter L. Coseo* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

Plaintiff purchased a used four-wheel drive Dodge pickup truck from defendant on December 3, 1984 for a total price of $3,600. Although defendant had rebuilt the engine, plaintiff claims that he encountered substantial engine malfunctions shortly after the sale. In response to his complaints, plaintiff maintains that defendant assured him that the problems would dissipate with increased mileage. The problems persisted and, in March 1985, defendant examined the engine at plaintiff's request and concluded that it would have to be rebuilt again. The charge for the estimate was $350. At this point, plaintiff refused to pay or reclaim the vehicle and commenced this action to recover the full purchase price pursuant to General Business Law § 198-b (L 1984, ch 645, § 10, eff Nov. 1, 1984 [commonly referred to as the Used Car Lemon Law]). Defendant counterclaimed for the estimate charge, storage and a portion of the purchase price still outstanding. After a nonjury trial, County Court ruled in plaintiff's favor, authorizing full recovery of the purchase price plus reasonable counsel fees, and dismissed the counterclaims. This appeal ensued.

Initially, defendant maintains that at the time of sale, pickup trucks were not covered by the terms of General Business Law § 198-b and, thus, County Court erred in applying the implied warranties and protections afforded by that statute. We disagree. A "used motor vehicle" was originally

defined as "a *passenger* motor vehicle, excluding motorcycles, motor homes and off-road vehicles" (L 1984, ch 645, § 1, adding General Business Law § 198-b [a] [2]; emphasis supplied). Defendant specifically contends that a pickup truck cannot be deemed a "passenger motor vehicle" within the scope of this definition. To support this argument, defendant refers to a subsequent amendment to General Business Law § 198-b (L 1985, ch 794, § 1), deleting the word "passenger", and various accompanying memoranda opining that the deletion was designed to include vans and pickup trucks within the coverage *(see,* Governor's Bill Jacket, L 1985, ch 794). Considering the nature of the change and the proximity of time between the original and subsequent legislation, we are of the view that the amendment did not serve to expand the coverage of the statute, but was simply intended to clarify the preexisting coverage *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 193 [b]; mem of Assemblyman Goldstein, July 12, 1985, Governor's Bill Jacket, L 1985, ch 794).

In construing General Business Law § 198-b, we look to both the purpose and language of the statute to ascertain the over-all intended effect *(see, Ferres v City of New Rochelle,* 68 NY2d 446, 451). This statute was designed to protect the consumer who purchases a vehicle for "personal, family, or household purposes" (General Business Law § 198-b [a] [1]). Here, plaintiff testified that the pickup truck was used exclusively as a household vehicle. Although the vehicle was licensed for commercial use, plaintiff explained that he mistakenly assumed that a commercial registration was mandatory. By focusing on the manner of use, it is clear that the Legislature envisioned coverage extending to a broad range of motor vehicles if utilized in a noncommercial fashion. Contrary to defendant's construction, the phrase "passenger motor vehicle" is not limited to automobiles, for it is readily apparent that pickup trucks are commonly utilized for "personal, family, or household purposes" (General Business Law § 198-b [a] [1]). Nor does the fact that plaintiff's truck is equipped with four-wheel drive qualify it as an "off-road" vehicle within the statutory exclusions (General Business Law § 198-b [a] [2]). Accordingly, County Court properly determined that Lemon Law coverage extended to pickup trucks at the time of the instant sale.

Defendant further maintains that County Court erred in accepting plaintiff's testimony that he notified defendant of the defects during December 1984. At the time of sale, the

subject vehicle indisputably had in excess of 36,000 miles and thus, a 30-day or 1,000-mile warranty applied (General Business Law § 198-b [b] [1] [b]). Defendant contends that plaintiff never complained of any defects until February 22, 1985, and emphasizes that a complaint submitted by plaintiff to the State Department of Law was apparently altered to show that notice was first provided in December 1984, not February 1985. Both plaintiff and his wife, however, testified that they notified defendant of the engine problems several times during December 1984. This conflict in testimony presented a credibility matter for the trial court. While this court has broad authority in reviewing a verdict rendered after a nonjury trial *(D. C. Leathers v Gelmart Indus.,* 125 AD2d 738), we find ample basis in the record to support County Court's determination that timely notice was provided *(see, Kaltz v Stein,* 133 Misc 2d 258). County Court could also reject defendant's contention that the defects complained of emanated from plaintiff's own negligent servicing of the truck. Finally, we note that the warranty disclaimer provision in the contract of sale between these parties was void as against public policy *(see,* General Business Law § 198-b [b] [1]).

MAHONEY, P. J., CASEY, MIKOLL and LEVINE, JJ., concur.

Order and judgment affirmed, without costs.