OPINION OF THE COURT
Wilmer J. Patlow, J.
On or about June 28,1988 plaintiffs Dennis and Linda Kiely purchased a used 1984 Ford Bronco truck from defendant *910 C. A. Sharrow Ford, Inc. (hereinafter Sharrow). According to the warranty issued by Sharrow to the plaintiffs, the truck’s odometer measured 37,673 miles at the time of the purchase.
The purchase was financed by defendant Marine Midland Automotive Financial Corporation (hereinafter MMAFC).
On or about July 1, 1988, the day after they took possession of the vehicle, plaintiffs embarked upon an automobile trip to Boston, Massachusetts. Plaintiffs allege that they immediately began experiencing various mechanical difficulties, including stalling and oil leakage, which persisted and grew worse throughout their journey.
Plaintiffs further allege that as soon as they returned to Rochester, New York, which was on or about July 7, 1988, they called Sharrow but were unable to make an appointment for repairs until July 14, 1988. Plaintiff Dennis Kiely affirms to the court that as of July 7, 1988 the truck had not been driven more than 1,000 miles since its purchase, although he does not recall the exact mileage at that time.
The repair invoice prepared when the truck was delivered to Sharrow on July 14, 1988 indicates an odometer reading of 39,231 miles, which is 1,558 miles past the mileage recorded at the time of purchase.
According to plaintiffs, the truck required extensive repairs and during 1988 was delivered to Sharrow for that purpose from August 18 through August 26, September 19 through September 23, October 17 through October 19 and again on December 15. The October repairs included replacement of the engine. Plaintiffs further contend that during the calendar year 1989 the vehicle continued to be returned to Sharrow for repairs, including a three-week period in April 1989, when the engine was once more replaced.
By letter dated April 19, 1989 counsel for plaintiffs notified defendant Sharrow that his clients had elected to return the truck and receive a refund of their purchase price pursuant to the so-called "Used Car Lemon Law” (General Business Law § 198-b). Sharrow, however, refused to refund the money.
Plaintiffs now move for summary judgment on their amended complaint.
Defendants Sharrow and MMAFC cross-move for summary judgment, both raising the issue of plaintiffs’ alleged failure to notify defendant Sharrow of the vehicle’s defective condition in a timely manner.
Defendant Sharrow also seeks summary judgment on its *911 counterclaim for $2,257.92 allegedly due Sharrow for repairs, storage and car rental services provided to plaintiffs.
The warranty issued by defendant Sharrow to plaintiffs herein corresponds to the minimum warranty required by the terms of subdivision (b) (1) (b) of section 198-b of the General Business Law which specifies: "(b) If the used motor vehicle has more than thirty-six thousand miles, the warranty shall be at a minimum thirty days or one thousand miles, whichever comes first.”
The minimum warranty provides that the dealer or his agent must repair or reimburse the consumer for the reasonable cost of repairing certain defects, and further specifies in subdivision (b) (3) of section 198-b of the General Business Law that: "3. Such repair or reimbursement shall be made by the dealer notwithstanding the fact that the warranty period has expired, provided the consumer notifies the dealer of the failure of a covered part within the specified warranty period” (emphasis added).
All parties concede that plaintiffs put 1,000 miles on the used truck prior to the expiration of 30 days.
Defendants contend that the notice requirement of subdivision (b) (3) of section 198-b of the General Business Law has not been complied with because Sharrow did not learn of the defect until the truck was brought in for repairs, on July 14, 1988 at which time the odometer conclusively indicated 1,558 miles had been driven since the purchase. According to defendants, this puts the notice outside the applicable 1,000-mile warranty period.
In contrast, plaintiffs contend that the only evidence before the court as to the mileage of the vehicle in question on July 7, 1988 when plaintiffs say they first contacted Sharrow is the affidavit of Dennis Kiely who states that there were fewer than 1,000 miles on the truck at that time.
Plaintiffs additionally point out that even as of July 14, 1988 30 days had not yet expired. Plaintiffs argue that the statute should be liberally construed to promote the protection of the consumer by extending the notice requirement to 30 days even where the 1,000-mile warranty period is otherwise in effect.
Finally, plaintiffs contend that since the July 14, 1988 repair invoice prepared by Sharrow seeks "no charge” for the services rendered, Sharrow has admitted that the warranty was in effect as of that date.
*912 The court is unable at this juncture to resolve the question of fact as to whether Sharrow received notice on July 7, 1988 or July 14, 1988.
Nevertheless, even if Sharrow was not notified until July 14, 1988 when more than 1,000 miles had past, the court concludes that such failure is not a bar to recovery under the circumstances of this case.
Initially, the court determines that the clear language of subdivision (b) (3) of section 198-b of the General Business Law, particularly the use of the words "specified warranty period”, conveys an intent on the part of the Legislature to require notice within 30 days or 1,000 miles, whichever comes sooner. Had the Legislature intended otherwise, the words "thirty days” could easily have been used.
However, technical noncompliance with this notice requirement is not a jurisdictional defect. .
In Kaltz v Stein (133 Misc 2d 258, 260), the court excused plaintiffs’ failure to notify the dealer within the applicable 30-day limit, finding that plaintiffs’ efforts at notification were "sufficiently reasonable and diligent”.
In reaching its determination, the court in Kaltz (supra) considered the legislative intent of the Used Car Lemon Law to "provide additional protection for automobile consumers and to expand the rights and remedies of such consumers.”
This court concludes in the case at bar that strict application of the statutory notice provisions would run contrary to the expressed intent of the Used Car Lemon Law. Even assuming Sharrow’s version of the facts to be true and accepting that approximately 1,500 miles had already passed at the time of notification, plaintiffs still notified the defendant dealer within at most a week from their return from an out-of-State trip and two weeks from the date of purchase.
The notice issue having been resolved in favor of plaintiffs, the court determines that defendants have failed to raise any other questions of fact which would preclude granting the relief sought by plaintiffs.
Accordingly, plaintiffs’ motion for summary judgment is hereby granted and defendants’ cross motions to dismiss the amended complaint are hereby denied. Defendant Sharrow’s application for summary judgment on its counterclaim is likewise denied.