■ DOUGLAS JANDREAU et al., Respondents-Appellants, v MYRON "BUTCH" LA VIGNE, Doing Business as LA VIGNE'S AUTO SALES, Appellant-Respondent.—Weiss, J. Cross appeals from a judgment of the Supreme Court (Nicandri, J.), entered September 29, 1989 in St. Lawrence County, upon a decision of the court in favor of plaintiffs.

On February 8, 1988, plaintiffs purchased a used automobile from defendant which was subject to the provisions of this State's Used Car Lemon Law *(see,* General Business Law § 198-b [b] [1], [2]). Defendant promised to correct the substantial front-end vibrations and steering problems of which plaintiffs complained before the purchase. The complaints continued after the purchase and defendant attempted to remedy the problem more than three times. Despite these attempts the vibration in this front-wheel drive car continued unabated and plaintiffs ultimately returned the vehicle, demanding that defendant refund the purchase price. Defendant's refusal precipitated this action. Following a nonjury trial, plaintiffs were awarded the full purchase price of $6,687.50, plus interest and disbursements together with counsel fees in the sum of $1,200. This appeal followed.

Defendant initially contends error in the application of what Supreme Court described to be two statutory presumptions. After finding that a warranted steering defect continued to exist despite the three attempts to repair, the court held that it could be presumed that defendant had a reasonable opportunity to remedy the warranty defect (General Business Law § 198-b [c] [2] [a]). The court then stated: "That being the case, a second statutory presumption shifts the burden to the defendant to show that the car is not a 'lemon' as defined by the statute". Defendant argues that such a presumption does not exist and that an improper burden was placed upon him to prove the lack of any defect.

The statute requires that automobile dealers provide, without additional charge, a minimum warranty on used cars sold for $1,500 or more to either repair, replace or refund the cost of those cars characterized as "lemons". The warranty period

covers the first 30 days or 1,000 miles driven after the sale, and if the same defect or malfunction is not cured after three or more attempts by the dealer to repair it, a presumption arises that the dealer has had a reasonable opportunity to correct the defect (General Business Law § 198-b [c] [2] [a]). It is axiomatic that the buyer has the burden of proving the defect or malfunction and the dealer's failure to cure after three attempts. The statute provides the dealer with two affirmative defenses: (1) that the malfunction or defect does not substantially impair the value of the auto, or (2) that the malfunction or defect is the result of abuse, neglect or unreasonable modifications or alterations to the auto (General Business Law § 198-b [c] [1] [a], [b]). As with any affirmative defense, the burden of proof is on the party asserting it, here defendant, as the dealer (see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.14; *Martin v Edwards Labs., Div. of Amer. Hosp. Supply Corp.,* 60 NY2d 417, 428-429). However, defendant correctly argues that Supreme Court erred in finding that a second statutory presumption arises which shifts the burden to defendant to show that the car is not a "lemon". Nevertheless, we find that the court either misinterpreted the statute or inartfully worded its decision, neither of which requires nullification of the verdict. In the exercise of this court's broad discretion when reviewing a decision after a bench trial (see, *Loomis v Maguire's Equip. Sales,* 124 AD2d 82, 85), we find that plaintiffs satisfactorily established through their testimony that defects or malfunctions in the steering and front-end mechanism, both covered by the warranty, were not corrected despite defendant's three attempts to repair. Contrary to defendant's argument, plaintiffs were not required to produce expert testimony to establish the warranted defects. Both the purpose and over-all intended effect of the statute are designed to protect the consumer of a used car (General Business Law § 198-b; *Loomis v Maguire's Equip. Sales, supra,* at 84). We find that plaintiffs' testimony satisfied their burden of proof. It then became defendant's obligation to prove that the defects either did not substantially impair the value of the car or were the result of unreasonable use or neglect. Defendant failed to conclusively explain the alleged defects, and we therefore affirm the judgment.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.