*652 OPINION OF THE COURT
Louise Gruner Gans, J.
This is a proceeding pursuant to CPLR 7511 to vacate an arbitration award on the grounds that the arbitrator’s decision was irrational, arbitrary and capricious, and not supported by the evidence produced at the hearing, and pursuant to CPLR 7511 (d) to remand for a rehearing and determination before a different arbitrator. Respondent has moved to dismiss the proceeding and for an order confirming the arbitration award.
The court agrees with petitioner that the arbitrator failed to follow the statutory standards of the New Car Lemon Law, General Business Law § 198-a and, thus, the award must be vacated for exceeding the legislative grant of authority. (Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175, 186 [1990]; Mount St. Mary’s Hosp. v Catherwood, 26 NY2d 493, 506 [1970].) Contrary to respondent’s contentions, the Court of Appeals has determined that arbitration pursuant to the New Car Lemon Law is compulsory and not voluntary, and as such the standard of judicial review is not limited to the narrow grounds afforded by CPLR 7511 (b). (Motor Vehicle Mfrs. Assn. v State of New York, supra.)
General Business Law § 198-a (c) (3) (i) provides that:
"It shall be an affirmative defense to any claim under this section that:
"(i) the nonconformity, defect or condition does not substantially impair such value.” (Emphasis added.)
The arbitrator disregarded the law by improperly shifting the burden of proof to petitioner on the issue of substantial impairment. As with any affirmative defense, the burden of
proof was on the party asserting it, here respondent, as the manufacturer. (Jandreau v La Vigne, 170 AD2d 861 [3d Dept 1991].) In the decision dated March 10, 1993, the arbitrator made only one finding: "The problem(s) which still exists does not substantially impair the value of the car to the consumer.” However, that portion of the decision entitled "Summary of Evidence” stated that "[t]he manufacturer offered credible testimonial evidence that the consumer did not satisfy the statutory requirement that the problem(s) which still exists substantially impaired the value of the car to the consumer.” (Emphasis added.) As indicated by this statement, the arbitra *653 tor found that the consumer had the burden to establish substantial impairment. The statute, however, provides for an affirmative defense based on substantial impairment, as to which the manufacturer bore the sole burden of proof.
Thus because the arbitrator failed to follow the statutory standards, the arbitration award must be vacated and, pursuant to CPLR 7511 (d), the matter shall be remanded to the American Arbitration Association for a rehearing and determination before a different arbitrator.
Respondent’s motion to dismiss the petition and for an order confirming the arbitration award is denied as moot.