■ In the Matter of the Arbitration between DONALD IANOTTI, Respondent, and SAFARI MOTOR COACHES, INC., Appellant. [638 NYS2d 839] —White, J.

In the fall of 1993 in Pennsylvania, petitioner purchased a motor home manufactured by respondent which he subsequently registered in New York. As the result of electrical problems, on May 9, 1994 petitioner brought the motor home for repair to Orange Motor Company in the City of Albany, where it remained until June 13, 1994 when it was removed at respondent's direction, apparently without the electrical problem having been resolved. Petitioner then sought arbitration under the New Car Lemon Law (General Business Law § 198-a). Following a hearing, the arbitrator awarded petitioner a full refund of the motor home's purchase price. This appeal ensued after Supreme Court granted petitioner's application to confirm the award.

The New Car Lemon Law (General Business Law § 198-a), in essence, creates a statutory warranty obligating manufacturers to repair, without charge, or under certain conditions "buy back", any new motor vehicle which fails to conform to all express warranties during the first 18,000 miles of operation or during the two-year period immediately following the delivery of the vehicle, whichever comes first (see, Matter of Hynson [American Motors Sales Corp.], 164 AD2d 41, 45; see also, General Business Law § 198-a [b] [1]; [c] [1]; [n] [4]). The "buy back" remedy arises when a manufacturer, after a reasonable number of attempts, is unable to correct a defect or condition that "substantially impairs" the value of the vehicle (General Business Law § 198-a [c] [1]). When this occurs, the manufacturer, at the option of the consumer, must either replace the vehicle with a comparable one or accept the return of the vehicle and refund the full purchase price to the consumer (ibid.).

As originally enacted, a consumer could not take advantage of the Lemon Law unless the subject vehicle was bought and registered in New York (General Business Law former § 198-a [2]). Because this requirement left many New York residents without Lemon Law protection, the statute was amended in 1990 to extend the "buy back" remedy to vehicles that are either sold or registered in New York (General Business Law § 198-a [a] [2]; [c] [1]; see, Mem of Attorney-General, Bill Jacket, L 1990, ch 217). The amendment, however, expressly preserves the requirement that a vehicle must be sold and registered in New York for the purpose of defining the extent of a manufacturer's duty of repair (General Business Law § 198-a [b] [1]).

In this instance, since petitioner was pursuing the "buy back" remedy and as his vehicle had been registered in New York, respondent's argument that the arbitrator exceeded his authority in holding that this case falls within the Lemon Law lacks substance.

Because Lemon Law arbitration is compulsory, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and have a rational basis supported by adequate evidence in the record (see, Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175, 186; Matter of General Motors Corp. v Lee, 193 AD2d 741).

Taking into account the presumption that a manufacturer has been afforded a reasonable number of attempts to conform a vehicle to the applicable express warranties where, as here, the vehicle is out of service by reason of repair for 30 or more

calendar days (General Business Law § 198-a [d] [2]),* and as we agree that a major electrical deficiency substantially impairs the value of petitioner's motor home; we conclude that the arbitrator's award is amply supported by the evidence and has a rational basis. In reaching this conclusion, we did not consider respondent's contentions regarding the arbitrator's credibility determinations since they lack evidentiary support (*see, Lyeth v Chrysler Corp.*, 929 F2d 891, 898).

For these reasons, we affirm the judgment of Supreme Court.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* There is no claim that General Business Law § 198-a (n) (6) is applicable here.