■ In the Matter of the Arbitration between ROYAL CHRYSLER-ONEONTA, INC., Respondent-Appellant, and GERARDO DUNHAM et al., Appellants-Respondents. [663 NYS2d 410] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Mugglin, J.), entered June 21, 1996 in Delaware County, which, *inter alia*, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In March 1994, respondents purchased a used 1990 Chevrolet pickup truck from petitioner for $12,945. When they entered into the contract of sale, respondents were aware that the truck was in need of certain repairs, which petitioner agreed to complete before delivering possession of the vehicle; one of the areas of concern involved "a clunking noise", which "seemed to be connected to the transmission", as well as a "constant whining noise" that was most audible when the truck was in second gear. Upon discovering that the repair work had not been performed, as promised, prior to the time they were to take delivery, respondents nevertheless took the truck and scheduled an appointment to have the work done at a later date.

Although the vehicle was returned to petitioner's shop several times during the ensuing two months, the mechanics' repeated attempts to eliminate the noises, by replacing various parts of the clutch and related bearings, were unsuccessful. Eventually, in December 1994, the transmission was replaced, but approximately two weeks later the new transmission "locked up", and the whining noise resumed. When the problem continued despite three more transmission replacements, and respondents were unable to obtain any relief from petitioner, they sought arbitration pursuant to the "Used Car Lemon Law" (*see*, General Business Law § 198-b [f]).

After a hearing, the arbitrator ordered petitioner to refund the full purchase price of the vehicle plus the filing fee paid to commence the arbitration. Petitioner's request for modification by the arbitrator was denied, prompting this proceeding seeking vacatur of the award. Respondents cross-petitioned for confirmation of the award, imposition of a $500 penalty against petitioner for its delay in complying with the arbitrator's decision, counsel fees, costs and sanctions. Supreme Court found petitioner's arguments meritless, confirmed the award and imposed the statutory penalty (*see*, General Business Law § 198-b [f] [3]); it also, *sua sponte*, sanctioned respondents' attorney for having used the threat of sanctions, without justification, to intimidate petitioner. Respondents appeal from this aspect of the order, and petitioner cross-appeals from the remainder.

Given the deference reviewing courts are obliged to accord arbitrators' awards, petitioner's arguments, directed primarily at the merits of the award, are unavailing (*see*, *Matter of Gilboa Faculty Assn. [Gilboa-Conesville Cent. School Dist.]*, 105 AD2d 478, 479, *lv denied* 64 NY2d 603). The hearing testimony, viewed in the light most favorable to respondents, is sufficient to demonstrate that there was a problem with the transmission when the truck was purchased, and that despite having been notified of the manifestations of that defect (i.e., noises, difficulty shifting), and having had several opportunities to correct it during the warranty period, petitioner never did so. Respondents thus established, prima facie, their entitlement to a refund (*cf.*, *Jandreau v La Vigne*, 170 AD2d 861, 862).

Nor was it "completely irrational" (*Matter of Kingsley v Redevco Corp.*, 97 AD2d 364, 365, *affd* 61 NY2d 714) for the arbitrator to conclude that the recurring noises and difficulty shifting, taken together, constituted a "failure" or malfunction of the transmission, which triggered the statutory provisions (*see*, General Business Law § 198-b [b] [2] [b]). The recurrence of the same noises after each repair attempt, the "lock up" of the transmission in conjunction therewith, and the persistence of shifting or locking problems in second or third gear, justifies inferring that the original malfunction was never remedied (*cf.*, *Fortune v Ford, Inc.*, 175 AD2d 303, 306, *lv dismissed* 78 NY2d 1007). And the mere fact that the car could be driven, despite its malfunctioning transmission, does not mandate the conclusion that the defect did not "substantially impair" the value of the vehicle (*see*, General Business Law § 198-b [c] [1] [a]). Inasmuch as the award is not without basis in reason (*see*, *Matter of Pierre [General Acc. Ins.]*, 100 AD2d 705, 706, *lv*

*denied* 63 NY2d 601) or otherwise patently unjust, vacatur is not warranted.

Petitioner's contention that the arbitrator was biased is baseless. The hearing transcript, read as a whole, provides no grounds for doubting the arbitrator's impartiality.

The imposition of sanctions against respondents' counsel, without first affording him a reasonable opportunity to be heard in opposition thereto, was, however, inexpedient (*see, Deeb v Tougher Indus.*, 216 AD2d 667, 668). Remittal is required to allow respondent's attorney to present relevant evidence and argument on the sanction issue (*see, id.*; *Hendrickson v Saratoga Harness Racing*, 170 AD2d 719, 722).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed a sanction in the amount of $500 against respondents' attorney; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.