■ In the Matter of the Arbitration between NORMAN JARVIS et al., Respondents, and SAFARI MOTOR COACHES, INC., Appellant. [670 NYS2d 927] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered May 29, 1997 in Albany County, which, *inter alia*, granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from the judgment entered thereon.

In April 1994, petitioners purchased a motor home manufactured by respondent from Alpin Haus, an authorized dealer of such homes located in the City of Amsterdam, Montgomery County. During the ensuing months, petitioners complained to the dealer, and to other service providers, of a multitude of perceived defects in the vehicle, both mechanical and residential (*see*, General Business Law § 198-a [n] [3]) in nature. Although some of the problems were corrected, others persisted, prompting petitioner to seek a refund of the purchase price pursuant to General Business Law § 198-a, the "New Car Lemon Law".

The matter proceeded to arbitration and a hearing was held, after which the arbitrator found in petitioners' favor and awarded them a total of $138,080.44. When 90 days passed and respondent had neither complied with the decision nor sought judicial relief therefrom, petitioners commenced this proceeding seeking confirmation of the award, along with post-judgment interest, counsel fees and the statutory penalty (*see*, General Business Law § 198-a [h], [l]). Respondent cross-petitioned to vacate the award, arguing that the arbitrator had ruled irrationally and exceeded his authority in finding that the vehicle was out of service for more than 30 days for the repair of mechanical problems, and in rejecting its contention that the purported defects did not substantially impair the

value of the motor home (*see,* General Business Law § 198-a [c] [3] [i]). Supreme Court granted petitioners' request and denied respondent's, prompting this appeal.

We affirm, for the evidence, viewed in the light most favorable to petitioners, is sufficient to establish that respondent (through its authorized dealer), despite being notified of recurring mechanical problems that plagued petitioners' motor home and "given a reasonable number of opportunities to repair" those defects (*Matter of Safari Motor Coaches [Corwin],* 225 AD2d 921, 922; *see,* General Business Law § 198-a [c] [1]), was unable to do so (*see, Matter of Royal Chrysler-Oneonta [Dunham],* 243 AD2d 1007, 1008). Inasmuch as respondent has not shown that the award is irrational, arbitrary or without adequate evidentiary support, it was properly confirmed (*see, Matter of Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 186).

According to petitioner Norman Jarvis, the problems that continue to prevent petitioners from utilizing the vehicle as they had originally intended include "mushy" brakes, which occasionally fail entirely; engine overheating and engine noises, characterized as "squealing" or "screeching"; an electrical problem, which is manifested by an unexplained short or drain on the engine batteries; and a problem with the cab air conditioning. The repair orders introduced into evidence show that two attempts were made to fix the air conditioning, initially by replacing a switch and recharging the unit, and later by replacing insulating tape and again recharging it with coolant, and that the brake problems were also addressed twice, once by installing a part and the second time by replacing a valve assembly.

The complaint of engine noise is also reflected on several of the work orders, and although the "screeching" noise was thought to have been remedied after an intake duct was relocated, it apparently was not, for the same noise was again listed as a concern when the vehicle was returned to Alpin Haus about a week later. At that time, no repair was performed, although it was noted on the invoice that "[the engine manufacturer] said it may be fan motor bearing". And, while the documents do not list engine overheating or complete brake failure among the purchasers' reported complaints, Jarvis testified that these problems were in fact brought to the attention of Alpin Haus service technicians and were never entirely corrected.

Thus, even if the arbitrator erred in relying on the presumption that arises when a vehicle is "out of service" for 30 days

(*see,* General Business Law § 198-a [d] [2]), that is not dispositive for the record evidence, including the testimony of petitioners and that elicited from Ronald Craig, Alpin Haus' service manager, nevertheless provides ample basis for concluding that the aforementioned problems were brought to the dealer's attention and that they persist despite its service technicians' repeated efforts to fix them. Accordingly, petitioners established their prima facie entitlement to the remedies provided by the Lemon Law (*see, Matter of Ianotti [Safari Motor Coaches],* 225 AD2d 848, 849; *cf., Fortune v Scott Ford,* 175 AD2d 303, 305).

And, the mere fact that petitioners have been able to utilize the motor home for some purposes, despite the continued existence of the vexing defects of which they have complained, does not compel the conclusion that its value has not been substantially impaired by reason thereof (*see, Matter of Royal Chrysler-Oneonta [Dunham], supra,* at 1008-1009). In sum, it cannot be said that the award is "without basis in reason * * * or otherwise patently unjust" (*id.,* at 1008-1009; *see, Caso v Coffey,* 41 NY2d 153, 158), such that vacatur would be warranted.

Petitioners' request for counsel fees on this appeal cannot be resolved on the record as it stands. Accordingly, that request is denied without prejudice to its renewal before Supreme Court.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.