■ In the Matter of the Arbitration between ANN BRANDT et al., Appellants, and MONACO COACH CORPORATION, Respondent. [702 NYS2d 714] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 22, 1999 in Albany County, which, *inter alia*, granted respondent's cross application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioners purchased a new motor home manufactured by

respondent from an authorized dealer on September 20, 1997. Thereafter, petitioners complained of a number of mechanical, electrical and residential deficiencies and brought the motor home to the dealer for repair on November 11, 1997. The motor home remained in the dealer's possession until the repairs were completed on December 18, 1997. In the ensuing months, petitioners repeatedly requested electrical and mechanical services as well as upgrades and repairs to certain residential portions of the motor home, resulting in several extended periods of repair. When in June 1998 the motor home failed to start, petitioners filed a request for arbitration pursuant to General Business Law § 198-a, the "New Car Lemon Law", seeking a full refund of the purchase price.

Following an arbitration hearing, the arbitrator found in respondent's favor based in part upon a finding that the motor home was not "out of service by reason of repair" for 30 days because a major portion of the repairs performed were residential in nature and therefore excluded from the Lemon Law (General Business Law § 198-a [d] [2]; [n] [3]). The arbitration award was also based upon findings that respondent had not been afforded an opportunity to correct the only existing defect claimed by petitioners during the arbitration hearing and that the defect did not substantially impair the value of the motor home (see, General Business Law § 198-a [c] [1]). Thereafter, petitioners commenced this proceeding to vacate the arbitration award and respondent cross-petitioned to confirm the award. Supreme Court denied petitioners' request and granted respondent's cross petition, prompting this appeal.

Pursuant to the Lemon Law provisions specifically applicable to motor homes (see, General Business Law § 198-a [n]), a consumer is entitled to return a motor home to the manufacturer for a full refund or receive a comparable replacement vehicle if, within the first two years of operation or 18,000 miles, the manufacturer's dealers "are unable to repair or correct any defect or condition which substantially impairs the value of the motor [home] to the consumer after a reasonable number of attempts" (General Business Law § 198-a [c] [1]; [n] [4]). Moreover, pursuant to General Business Law § 198-a (d) (2), a manufacturer is presumed to have made a reasonable number of attempts to repair the alleged defects if the motor home is "out of service by reason of repair of one or more nonconformities, defects or conditions for a cumulative total of thirty or more calendar days" during the first two years or 18,000 miles of operation. As noted by the arbitrator, however, these provisions do not apply to the repair of defects or conditions related

to residential portions of a motor home (*see,* General Business Law § 198-a [n] [3]).

Here, petitioners' primary contention on appeal is that the arbitrator failed to follow the statutory standards of General Business Law § 198-a in concluding that the motor home was out of service by reason of nonresidential repair for less than 30 days and that, therefore, the arbitration award in respondent's favor was irrational and must be vacated. We are not persuaded. Even assuming that the 30-day requirement was satisfied in this case, this would only give rise to a presumption that respondent made a reasonable number of attempts to repair the nonresidential defects giving rise to petitioners' claim (General Business Law § 198-a [d] [2]). Respondent would then have the opportunity to rebut the presumption with sufficient evidence that it was not afforded a reasonable number of attempts to repair the alleged defects, or that the nonresidential defects which still remained following a reasonable number of attempts to repair did not "substantially impair [the] value" of the motor home (General Business Law § 198-a [c] [3] [i]; *Matter of Walker [General Motors Corp.],* 159 Misc 2d 651, 652).

Here, the record reveals and petitioners do not dispute that the sole existing nonresidential defect in the motor home involves a throttle deficiency which respondent's expert stated was attributable to a circuit board failure. Our review of the repair records and work orders submitted by petitioners discloses that they never complained about the throttle defect or afforded respondent an opportunity to repair it. Moreover, during the hearing respondent offered to replace the defective part, a procedure which respondent's expert testified would take two hours. Under these circumstances, it was not completely irrational for the arbitrator to conclude that the evidence did not establish that respondent was unable, after a reasonable number of attempts, to correct an existing defect which substantially impaired the value of the motor home (*see,* General Business Law § 198-a [c] [1]; [n] [4]; *cf., Matter of Jarvis [Safari Motor Coaches],* 248 AD2d 899; *Matter of Royal Chrysler-Oneonta [Dunham],* 243 AD2d 1007). Accordingly, the arbitration award in respondent's favor was properly confirmed.

Petitioners' remaining contentions have been reviewed and found to be lacking in merit.

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.