In the Matter of the Arbitration between MONACO COACH CORPORATION, INC., Appellant, and ANN BRANDT et al., Respondents. [722 NYS2d 96] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 5, 2000 in Albany County, which, *inter alia*, granted respondents' application pursuant to CPLR 7510 to confirm an arbitration award.

Respondents purchased a motor home manufactured by petitioner on September 20, 1997 from Alpin Haus Ski Shop, Inc., an authorized dealer located in Montgomery County. From the moment of its purchase, respondents experienced difficulty with the motor home's mechanical and electrical systems and found deficiencies in its residential facilities. Returning it to Alpin Haus on November 11, 1997 for repair due to an inability to start the engine, the motor home remained there until December 18, 1997, at which time the work orders reflect, *inter alia*, problems with the fuel tank and the fuel lines.

As respondents continued to have problems starting the engine, the motor home was later towed to Alpin Haus where it remained for repair from January 20, 1998 to February 20, 1998. The motor home was again brought in for repair from April 21, 1998 through April 28, 1998 and from June 17, 1998 to June 24, 1998. In fact, when respondents picked up the vehicle from Alpin Haus on June 24, 1998, the engine system malfunctioned on their way home, requiring petitioner to summon a tow truck to retrieve it. The vehicle remained inoperable and unused between June 1998 and March 1999. Additional attempts at repair occurred during April and May 1999, with Alpin Haus traveling to Staten Island where respondents reside to work on the vehicle before driving it to their facility.

Respondents have twice sought relief pursuant to General Business Law § 198-a, which was "designed to permit consumers to obtain more effective redress if defects substantially impairing the value of a new motor vehicle are not fixed after a reasonable number of attempts" (Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 198-a, at 311). In their first filing for arbitration on June 3, 1998, respondents contended that their motor home had been out of service due to attempts at repair for a total of 91 days since its purchase and that such attempts occurred on more than four occasions. An arbitration hearing ensued in August 1998 which resulted in a ruling in favor of petitioner based, in part, upon a finding that a majority of the defects necessitating repairs were not covered since they concerned "motor home systems, fixtures, components, appliances, furnishings or accessories that are residential in character" (General Business Law § 198-a [n] [3]). The only nonresidential defect found was a condition which did not substantially impair its value (*see*, General Business Law § 198-a [c] [1]) and which petitioner had not been afforded an opportunity to correct. We affirmed Supreme Court's order granting confirmation of the arbitrator's award (*Matter of Brandt [Monaco Coach Corp.]*, 269 AD2d 671, 673).

With the problems of the motor home unabated, respondents filed their second request for arbitration. This time, they listed numerous nonresidential defects, generally described as an inability to start, operate or use the motor home in the manner for which it was intended. This second claim, which represented that the vehicle had been out of service for over 30 days during either the first 18,000 miles or 24 months of their ownership, with eight unsuccessful attempts at repair for the same

problem from September 20, 1997 through May 5, 1999, was accepted by the Attorney-General on August 19, 1999. Upon the scheduling of an arbitration hearing for February 1, 2000, petitioner unsuccessfully sought to permanently stay the proceeding by contending that respondents were barred from arbitrating a previously unsuccessful claim. Supreme Court, by decision of November 22, 1999, denied petitioner's application and, although a notice of appeal was filed by petitioner, the appeal was ultimately deemed abandoned (*see*, 22 NYCRR 800.12). Petitioner thereafter sought permission to conduct a prehearing inspection of the vehicle. The arbitrator denied that portion of the request "to prime, start, run, test drive or attempt to operate items that the consumer states are broken or attempt to turn on items that the consumer states are inoperable," but granted a full visual inspection.

Testimony at the hearing detailed the continuing mechanical problems experienced by respondents despite numerous attempts at repair, while petitioner asserted its belief that the electrical problems emanated from respondents' unauthorized modifications or alterations of the motor home. The arbitrator ultimately determined that the motor home had malfunctions in its fuel system and throttle response which accounted for the engine's continued failure to start. With the arbitrator finding that this series of four or more attempts at repair substantially impaired the motor home's value to respondents, an award was made representing its purchase price plus incidental costs. A motion to confirm the award prompted petitioner's cross application for its vacatur. Supreme Court granted respondents' motion and denied petitioner's cross motion; petitioner appeals.

We decline to consider petitioner's contention that the second arbitration proceeding was barred by the doctrine of res judicata since the issue was not properly preserved for our review (*see, Northside Partnership v Vinci*, 222 AD2d 921, 922, *lv dismissed* 87 NY2d 1055) and petitioner failed to pursue an appeal of Supreme Court's earlier determination in which the issue was specifically raised and rejected (*see, Jeff Isaac Rare Coins v Atlantic Discount Brokerage*, 196 AD2d 643, 644, *lv denied* 82 NY2d 663).

Turning to that portion of petitioner's prehearing request in which it sought to start or test drive the motor home, we note that the determination thereof is discretionary with the arbitrator and will only be disturbed in cases where clear and convincing proof demonstrates that there was an abuse of discretion (*see, Matter of Cox [Mitchell]*, 188 AD2d 915, 917;

*Matter of Reale [Healy N. Y. Corp.]*, 54 AD2d 1039, 1040; *see generally*, *Motor Vehicle Mfrs. Assn. v State of New York*, 75 NY2d 175). Since petitioner contends that respondents' installation of a CB radio caused the motor home's electrical problems, we find it reasonable for Supreme Court to have concluded that because such alteration occurred in 1997, after which time the vehicle was stationed in petitioner's repair shop for significant periods, ample opportunity had already been provided to inspect and test drive the vehicle. As this reasoning supported the partial denial of petitioner's prehearing request, we can find no error.

Viewing the evidence in the light most favorable to respondents, we find it sufficient to support the conclusion that petitioner was unable to repair the recurring mechanical problems despite being afforded reasonable opportunities to do so (*see*, *Matter of Jarvis [Safari Motor Coaches]*, 248 AD2d 899, 900). With respondents having established a prima facie entitlement to a refund (*see*, *Matter of Royal Chrysler-Oneonta [Dunham]*, 243 AD2d 1007, 1008, *lv denied* 91 NY2d 913), we find that petitioner failed to sufficiently demonstrate that the award was "irrational, arbitrary or without adequate evidentiary support" (*Matter of Jarvis [Safari Motor Coaches]*, *supra*, at 900).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.