■ In the Matter of the Arbitration between GENERAL MOTORS CORPORATION, Respondent, and JAMES WARNER, Appellant. [806 NYS2d 257]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered November 8, 2004 in Albany County, which, inter alia, partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Following arbitration of respondent's New Car Lemon Law claim, an arbitrator found in his favor and directed petitioner to refund him more than $30,000. In this CPLR article 75 proceeding to vacate this award, petitioner argued, and Supreme Court agreed, that the arbitrator applied an improper interpretation to General Business Law § 198-a (d) (1) in determining that respondent was entitled to relief under the statute.[1] Specifically, Supreme Court interpreted this provision as requiring a defect to exist at the time of an arbitration hearing.[2]

For the reasons set forth in our decision in *Matter of DaimlerChrysler Corp. v Spitzer* (26 AD3d — [decided herewith] [2005]), we find that Supreme Court improperly interpreted the New Car Lemon Law as requiring a consumer to prove that a defect exists at the time of the arbitration hearing in order to recover under the statutory scheme. As the record supports the arbitrator's finding that respondent's vehicle was subject to four or more repairs for the same problem without correction, its award must be confirmed.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, petition to vacate denied, motion to confirm granted and arbitration award reinstated. [*See* 5 Misc 3d 968 (2004).]

---

1. Respondent cross-moved for an order confirming the arbitration award.

2. The Attorney General was permitted to appear amicus curiae in the proceeding.