■ In the Matter of the Arbitration between GENERAL MOTORS CORPORATION, Respondent, and BRENDA GURAU, Appellant. [824 NYS2d 180]—

Carpinello, J. Appeal from an order of the Supreme Court (Giardino, J.), entered July 25, 2005 in Schenectady County, which, inter alia, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In 2003, respondent purchased a new Cadillac Deville and several months thereafter began encountering a loud ticking noise from the engine when the vehicle was cold started. According to respondent, the noise was quite pronounced and could last up to 15 minutes. Six repair attempts were made to remedy the problem between January 12, 2004 and June 1, 2004. In July 2004, respondent sought compulsory arbitration under the New Car Lemon Law (see General Business Law § 198-a). Following a hearing, which was not transcribed, an arbitrator found in respondent's favor and directed petitioner to refund her in excess of $27,000. In its decision, the arbitrator summarized the evidence at the hearing, including that presented by petitioner, and concluded that the problem continued to exist at the end of the fourth repair attempt and substantially impaired the value of the vehicle.

This CPLR article 75 proceeding to vacate the arbitration award ensued. Respondent, in turn, cross-moved, as relevant here, for an order confirming it. Supreme Court vacated the award on the ground that the arbitrator applied an incorrect legal standard when he concluded that the fourth failed repair attempt triggered the statutory presumption outlined under General Business Law § 198-a (d) (1). Specifically, Supreme Court interpreted this provision as requiring a defect to exist at the time of the arbitration hearing. Respondent appeals.

We reverse. This Court has recently held that the Lemon Law does not require a consumer to prove that a defect exists at the time of an arbitration hearing in order to recover under the statute (see Matter of DaimlerChrysler Corp. v Spitzer, 26 AD3d 88 [2005], lv granted 7 NY3d 702 [2006]; Matter of General Motors Corp. [Warner], 24 AD3d 869 [2005], lv granted 7 NY3d 702

[2006]). Supreme Court relied on a contrary interpretation of this statutory scheme in vacating the subject arbitration award which has since been reversed by this Court, mandating a reversal here.

Next, as a general matter, the burden of invalidating an arbitration award rests with the party attacking it (*see Caso v Coffey*, 41 NY2d 153, 159 [1976]). The specific standard of review for a compulsory arbitration award under the Lemon Law is whether such an award is "in accord with due process and supported by adequate evidence in the record. The award must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78" (*Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990] [citations omitted]). Here, we find that petitioner has failed to meet its burden of establishing any such ground for vacating the award. To be sure, there is no claim that the arbitrator failed to follow all statutory standards or otherwise denied petitioner due process. Rather, petitioner attacks the merits of the award, claiming that the arbitrator should have resolved certain factual disputes in its favor, particularly the issue of whether the persistent ticking problem substantially impaired the vehicle's value. Given the deference this Court is obliged to accord an arbitrator's decision, we are unpersuaded (*see Matter of Royal Chrysler-Oneonta [Dunham]*, 243 AD2d 1007, 1008 [1997], *lv denied* 91 NY2d 913 [1998]).

The limited record before us reveals that respondent repeatedly complained of the loud, pronounced ticking noise and brought it in for repair on January 12, 2004, March 8, 2004 and March 23, 2004. On each occasion, the engine was cleaned and decarbonized. Indeed, a September 2003 service bulletin had been issued by petitioner concerning just this complaint on vehicles of respondent's type. The service bulletin acknowledged that "the source of this noise cannot be determined" but it "may be carbon deposits in the engine combustion chambers." Notwithstanding these successive decarbonizations, the noise continued and the vehicle was brought in for repair on two additional occasions in April 2004. Ultimately, in June 2004 the engine had to be dismantled with eight pistons and factory rings replaced. While petitioner argued that the problem was not a defect in the vehicle but rather a normal result of the engine's operation and that it did not substantially impair the car's value, the arbitrator obviously rejected its evidence on this point. We are unable to conclude that this aspect of the decision is irrational, arbitrary or without adequate evidentiary support (*see Motor Veh. Mfrs. Assn. of U.S. v State of New York, supra*;

*Matter of Brandt [Monaco Coach Corp.]*, 269 AD2d 671, 673 [2000]; *Matter of Jarvis [Safari Motor Coaches]*, 248 AD2d 899, 900 [1998]). Therefore, the award should have been confirmed.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, petitioner's application denied, respondent's cross application granted and arbitration award confirmed.