■ In the Matter of FOREST RIVER, INC., Appellant, v RONALD E. STEWART et al., Respondents. [823 NYS2d 546]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered June 14, 2005, which denied its application and granted the respondents' application to confirm the award.

Ordered that the judgment is affirmed, with costs.

Because arbitration under General Business Law § 198-a is compulsory, judicial review is broad, requiring that an award be in accord with due process, have a rational basis supported by adequate evidence in the record, and not be arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]; *Matter of Ianotti [Safari Motor Coaches],* 225 AD2d 848 [1996]). If an arbitrator fails to follow the statutory standards, the award must be vacated for exceeding the legislative grant of authority (*see Matter of Saturn Corp. v Hurlburt,* 284 AD2d 399 [2001]).

Here, it cannot be said that the arbitrator's award lacked a rational basis, that it was unsupported by adequate evidence, or that it was arbitrary and capricious. Indeed, Forest River, Inc. (hereinafter Forest River), does not contend that the award was arbitrary and capricious. The leak in an exterior compartment of the respondents' motor home was not the only problem alleged by the respondents. Their original request for arbitration asserted problems with the vehicle, including cracks in the roof of the vehicle. The arbitrator noted in his decision that the vehicle had to be left at the dealer in March 2004 due to cracks in the roof. The repair orders from the dealer indicate that the vehicle needed body work and the rear cap needed to be repaired. A warranty repair claim form also indicates that the rear top cap was cracked. The statement of an employee of the dealer indicated that the dealer had found numerous leaks in the vehicle. The respondents' warranty with Forest River provided that the body structure of the recreational vehicle shall be free of substantial defects.

On the basis of this evidence, it was rational for the arbitrator to find that there were problems in areas of the vehicle other than the storage compartment—specifically, cracks in the roof—and that these problems concerned portions of the vehicle which were not living facilities, therefore entitling the respondents to a full refund of the purchase price of the vehicle (*see* General Business Law § 198-a [n] [3]). Contrary to the contention of Forest River, the respondents were not required to prove that the defect existed at the time of the arbitration hearing in order to recover under the statute (*see Matter of DaimlerChrysler Corp. v Spitzer,* 26 AD3d 88, 90-91 [2005]; *Matter of General Motors Corp. [Warner],* 24 AD3d 869 [2005]).

The contention of Forest River regarding the Attorney General's form for the arbitrator's decision was improperly raised for the first time in its reply affirmation (*see Calderone v Harrel,* 237 AD2d 318 [1997]).

The remaining contentions of Forest River are without merit. Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.