■ EVAN KANDEL, Appellant-Respondent, v HYUNDAI MOTOR AMERICA, Respondent-Appellant. [858 NYS2d 298]—

In an action to recover damages pursuant to General Business Law § 198-a, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of the County Court, Suffolk County (Weber, J.), dated December 13, 2006, as, after a nonjury trial, is in favor of him and against the defendant in the principal sum of only $8,640.75 and dismissed his cause of action for an award of a statutory attorney's fee, and the defendant cross-appeals from so much of the same judgment as is in favor of the plaintiff and against it in the principal sum of $8,640.75.

Ordered that the judgment is modified, on the law, by increasing the award of damages from the principal sum of $8,640.75 to the principal sum of $17,281.50, and by deleting the provision thereof dismissing the plaintiff's cause of action for an award of a statutory attorney's fee; as so modified, the judgment is affirmed, with one bill of costs to the plaintiff, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

On or about April 15, 2003, the plaintiff's father purchased for the plaintiff a new Hyundai automobile for the sum of $17,281.50 from Atlantic Hyundai in West Islip. Thereafter, during four different incidents, from April 16, 2003, through July 30, 2003, the vehicle was out of service and being repaired for more than 30 days. Items repaired included the electrical door locks, horn, throttle body, and crank shaft sensor. On the final attempt to repair a stalling problem, the plaintiff was informed that the service technicians could not diagnose any problem with the vehicle and that it was available for him to pick up. The plaintiff never retrieved the vehicle from the dealership.

Alleging that the vehicle was defective and unsafe to drive, the plaintiff commenced this action to recover the purchase price of the vehicle and an award of an attorney's fee pursuant to the New Car Lemon Law (see General Business Law § 198-a, hereinafter the Lemon Law). After a nonjury trial, the County Court awarded the plaintiff only $8,640.75, noting that he failed to mitigate his damages when he abandoned the vehicle at the dealership, and dismissed his cause of action for an award of an attorney's fee.

The purpose of the Lemon Law is to protect purchasers of new vehicles. This law is remedial in nature and therefore

should be liberally construed in favor of consumers (*Matter of DaimlerChrysler Corp. v Spitzer,* 7 NY3d 653, 660 [2006]).

The plaintiff sufficiently established that the vehicle was out of service by reason of repair of one or more nonconformities, defects, or conditions for a cumulative total of 30 or more calendar days within the first 18,000 miles or two years, affording him the presumption that the defendant was unable to conform the vehicle to the express warranties after a reasonable number of attempts (*see* General Business Law § 198-a [d] [2]). Moreover, the evidence was sufficient to permit a trier of fact to find, without the benefit of the statutory presumption, that the defendant was unable to correct a problem that "substantially impaired" the value of the vehicle after a reasonable number of attempts (General Business Law § 198-a [c] [1]), and the defendant failed to meet its burden of proving its affirmative defense that the stalling problem did not substantially impair the value of the vehicle to the plaintiff (*see* General Business Law § 198-a [c] [3] [ii]; *Jandreau v La Vigne,* 170 AD2d 861 [1991]). There also was sufficient evidence for the finder of fact to have determined that the plaintiff satisfied the requirements of General Business Law § 198-a (g) which mandate that he first resort to an informal dispute mechanism, if available.

The substantive remedy provision of the Lemon Law provides that consumers who succeed in establishing their entitlement to relief under the statute have the option of receiving either a refund of their purchase price or a comparable replacement vehicle (*see* General Business Law § 198-a [c] [1]; *Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.],* 164 AD2d 41, 43 [1990]). Accordingly, the plaintiff was entitled to a refund of the full purchase price of the vehicle. Also, as a "prevailing plaintiff," the plaintiff was entitled to an award of a statutory attorney's fee (General Business Law § 198-a [l]), and we remit the matter to the County Court, Suffolk County, to determine the amount of a reasonable attorney's fee and for the entry of an amended judgment thereafter.

The defendant's remaining contentions are without merit. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.