Egan Jr., J.
Appeal from an order of the Supreme Court (Dowd, J.), entered April 27, 2011 in Chenango County, which denied petitioner’s application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award.
Respondent Sandy Winans (hereinafter respondent) pur *1269 chased a used 2004 Saturn Vue from petitioner in February 2010. Shortly thereafter, respondent complained of a noise emanating from the vehicle and, following various unsuccessful repairs, respondent filed an application for arbitration under the Used Car Lemon Law {see General Business Law § 198-b). At the conclusion of the ensuing hearing, the arbitrator found that there had been three or more unsuccessful repairs for the same problem during the applicable warranty period and, therefore, respondent was entitled to an adjusted refund. Petitioner thereafter commenced this proceeding pursuant to CPLR 7511 seeking to vacate the arbitrator’s award, contending that the arbitrator “so imperfectly executed [the award] that a final and definite award upon the subject matter submitted was not made” (CPLR 7511 [b] [1] [iii]). Supreme Court denied petitioner’s application, finding sufficient evidence to support the arbitrator’s award. This appeal by petitioner ensued.
We affirm. “Because Lemon Law arbitration is compulsory, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and have a rational basis supported by adequate evidence in the record” (Matter of Ianotti [Safari Motor Coaches], 225 AD2d 848, 849 [1996] [citations omitted]; cf. Matter of Forest Riv., Inc. v Stewart, 34 AD3d 474, 474 [2006]; Matter of General Motors Corp. [Gurau], 33 AD3d 1149, 1151 [2006]).* Here, there is no indication that the arbitrator “failed to follow all statutory standards or otherwise denied petitioner due process” (Matter of General Motors Corp. [Gurau], 33 AD3d at 1151). Rather, petitioner’s challenge is directed at the merits of the award itself — specifically, that there is insufficient evidence to support the arbitrator’s factual findings.
To the extent that petitioner disputes the arbitrator’s finding that respondent’s vehicle was “primarily used for personal, family, or household purposes” (General Business Law § 198-b [a] [1]), we note that petitioner made no mention of respondent’s allegedly excessive use of the vehicle in its response to the underlying arbitration application, nor is there any indication that this was a disputed issue at the hearing. Hence, this issue is not properly before us. As to the arbitrator’s remaining findings — namely, that there were three or more attempts to rem *1270 edy the same problem within the applicable warranty period (see General Business Law § 198-b [c] [2] [a]) and that such problem was not the result of respondent’s abuse or neglect of the vehicle (see General Business Law § 198-b [c] [1] [b]) — we cannot say that the arbitrator’s conclusions in this regard were irrational or otherwise lacking in evidentiary support. The record before us, although indeed limited, nonetheless contains sufficient documentary evidence from which it may be gleaned that there were concurrent related problems with respondent’s vehicle — almost from the moment of purchase — that petitioner thereafter failed to remedy — despite having a reasonable opportunity to do so. Accordingly, Supreme Court properly confirmed the arbitration award (see Matter of General Motors Corp. [Gurau], 33 AD3d at 1151; Matter of Monaco Coach Corp. [Brandt], 281 AD2d 787, 790 [2001]; Matter of Royal Chrysler-Oneonta [Dunham], 243 AD2d 1007, 1008-1009 [1997], lv denied 91 NY2d 913 [1998]).
Spain, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

 The compulsory arbitration provision applies to both the New Car Lemon Law (see General Municipal Law § 198-a) and the Used Car Lemon Law (see General Municipal Law § 198-b) (see Matter of American Motors Sales Corp. v Brown, 152 AD2d 343, 345 n [1989], lv denied 75 NY2d 709 [1990]; see also Matter of Royal Chrysler-Oneonta [Dunham], 243 AD2d 1007, 1008-1009 [1997], lv denied 91 NY2d 913 [1998]).