■ In the Matter of GENERAL MOTORS CORPORATION, Appellant, v RICHARD S. LEE, Respondent. [598 NYS2d 61] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated December 2, 1990, issued pursuant to General Business Law § 198-a (k), the petitioner appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered February 14, 1991, which denied its petition.

Ordered that the judgment is affirmed, without costs or disbursements.

A local Chevrolet dealer purchased a van from the petitioner and then had the van customized by an independent custom shop. The respondent Lee purchased the customized van from the Chevrolet dealer. The van had a leak at the upper corner of the windshield, allegedly caused by the van's roof conversion. When the problem could not be corrected by the dealer, the respondent sought "Lemon Law" *(see,* General Business Law § 198-a [k]) relief, and an arbitrator ultimately ordered the petitioner to refund him the purchase price of the van. The petitioner brought this proceeding to vacate that award, arguing that the arbitrator exceeded his authority in holding, under General Business Law § 198-a, that the petitioner was liable to repurchase a vehicle that contained a defect in a portion of the vehicle not warranted by it. The Supreme Court denied the petition, and we affirm.

The Supreme Court, in reviewing the arbitrator's decision, applied the wrong standard of review. Because a Lemon Law arbitration is compulsory, "judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record * * * The award must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78" *(Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 186).

However, we conclude that even under the broader standard of review, the arbitrator's award was proper. Although the warranty at issue excludes from coverage "alterations to the vehicle", that exclusion is contained in a portion of the warranty that relates to conduct on the part of the buyer, to wit, "Damage or corrosion due to accidents, misuse, or altera-

tions". The warranty does not specifically exclude alterations made to the vehicle by the dealer before the sale to the consumer. Accordingly, the arbitrator did not exceed his authority in holding the petitioner liable to repurchase the respondent's vehicle. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.