■ In the Matter of COURTESY LINCOLN MERCURY, INC., Respondent, v HERBERT ALLEN, Appellant. [659 NYS2d 795] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, Herbert Allen appeals (1) from an order of the Supreme Court, Westchester County (Fredman, J.), entered July 2, 1996, which granted the motion of Courtesy Lincoln Mercury, Inc., to vacate an arbitration award dated March 20, 1996, and denied his cross motion to confirm the award, and (2) as limited by his brief, from so much of an order of the same court, entered September 19, 1996, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered July 2, 1996, is dismissed, as that order was superseded by the order entered September 19, 1996, made upon reargument; and it is further,

Ordered that the order entered September 19, 1996, is reversed insofar as appealed from, on the law, the motion of Courtesy Lincoln Mercury, Inc., is denied, the cross motion of Herbert Allen is granted, the arbitration award is confirmed, the order entered July 2, 1996, is vacated, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the finding of the Supreme Court, the arbitrator did not exceed or imperfectly execute his authority in determining, after a hearing, that the petitioner made three or more unsuccessful attempts to repair, *inter alia*, the transmission and power steering in the used vehicle it had sold to Herbert Allen within the warranty period. The arbitrator's award was supported by substantial evidence in the record and was in accord with due process (*see, e.g., Matter of General Motors Corp. v Lee*, 193 AD2d 741; *see also, Motor Vehicle Mfrs. Assn. v State of New York*, 75 NY2d 175; *cf., Matter of Volkswagen of Am. v Friedman*, 166 AD2d 709; *Chrysler Motors Corp. v Schachner*, 166 AD2d 683; General Business Law § 198-b [c] [1], [2] [a]; CPLR 7511 [b] [1] [iii]). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.