■ In the Matter of SATURN CORPORATION, Appellant, v STEVEN A. HURLBURT, Respondent. [725 NYS2d 677] —In a proceed-

ing pursuant to CPLR article 75 to vacate an arbitration award issued pursuant to General Business Law § 198-a (k), the petitioner appeals from an order of the Supreme Court, Queens County (Berke, J.), dated June 27, 2000, which denied the petition and confirmed the award.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the award is vacated.

The respondent sought relief under General Business Law §§ 198-a and 198-a (k) because of noise emanating from a vehicle manufactured by the petitioner. At the resulting arbitration hearing, evidence established that this noise was the result of gas slapping back and forth in the gas tank of the vehicle. There was unrebutted testimony that this was not a defect in the particular car but a characteristic of the model. Further, there was testimony that this was an industry-wide characteristic which was the result of an attempt to seek better fuel economy. The condition did not impair the use, operation, safety, or value of the vehicle. The arbitrator ordered the petitioner to refund the purchase price of the vehicle to the respondent. The Supreme Court confirmed the arbitrator's award.

As arbitration pursuant to General Business Law § 198-a is compulsory, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record (*see, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 186; *Matter of General Motors Corp. v Lee,* 193 AD2d 741). Further, any award must also be rational and not arbitrary or capricious as those terms are utilized in proceedings pursuant to CPLR article 78. If the arbitrator fails to follow the statutory standards, the award must be vacated for exceeding the legislative grant of authority (*see, Motor Vehicle Mfrs. Assn. v State of New York, supra; Matter of General Motors Corp. v Lee, supra*).

Here, contrary to the finding of the Supreme Court, the evidence failed to establish that the value of the vehicle was substantially impaired by the condition of the gas tank. Further, the characteristic of the gas tank was not a defect covered by the petitioner's express written warranty (*see, Motor Vehicle Mfrs. Assn. v State of New York, supra; Matter of General Motors Corp. v Lee, supra; Matter of American Motors Sales Corp. v Brown,* 152 AD2d 343). Accordingly, the arbitrator's award was irrational and not supported by adequate evidence in the record. Thus, the petition is granted and the award is vacated (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.