■ In the Matter of AMENIA MOTORS, INC., Appellant, v ANN-MARIE BARTGIS, Respondent. [812 NYS2d 879]—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated December 17, 2003, issued pursuant to General Business Law § 198-b, the petitioner appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 22, 2004, which, inter alia, granted the motion of Ann-Marie Bartgis to confirm the award and dismiss the petition, and (2) a judgment of the same court dated November 24, 2004, which, upon the order, inter alia, is in favor of Ann-Marie Bartgis and against it in the principal sum of $10,627.50.

Ordered that the appeal from the order dated September 22, 2004 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the petitioner's contention, the arbitration award in favor of the respondent, issued pursuant to General Business Law § 198-b, the so-called "Lemon Law," was in accord with due process and supported by adequate evidence in the record, and was rational and not arbitrary or capricious (*see Matter of Courtesy Lincoln Mercury v Allen*, 240 AD2d 574 [1997]; *Matter of General Motors Corp. v Lee*, 193 AD2d 741 [1993]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.