◼ In the Matter of the Arbitration between GENERAL MOTORS CORPORATION, Appellant, and NEMATULLAH SHEIKH, Respondent. [838 NYS2d 235]—

Cardona, P.J. Appeal from an order of the Supreme Court

(Teresi, J.), entered October 24, 2005 in Albany County, which, inter alia, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner manufactured a new 2003 Express Conversion Van which it sold to Hustedt Chevrolet, Inc. After purchase, Hustedt requested that petitioner ship the van directly to American Vans, Inc., an independent conversion shop. Petitioner complied with that request. After conversion, American Vans shipped the customized van to Hustedt, which sold it to respondent. Four months later, a leak developed in the right front windshield. Respondent returned the van to Hustedt seven times for repairs, which Hustedt performed pursuant to American Vans' three-year limited warranty. Each attempt was unsuccessful, and respondent eventually sought relief from petitioner under the New Car Lemon Law (see General Business Law § 198-a [hereinafter Lemon Law]). Following compulsory arbitration, the arbitrator found petitioner "liable for the water leakage" and ordered petitioner to refund the full purchase price to respondent.

Petitioner commenced this proceeding seeking to vacate the arbitration award. Respondent opposed, cross-moved to dismiss the petition and to confirm the arbitration award, and sought incidental relief under General Business Law § 198-a (h) and (l). Supreme Court denied the petition, granted the cross motion to confirm the award and granted the incidental relief. On this appeal, we reverse, grant the petition, and vacate the arbitration award.

Initially, we are unpersuaded by respondent's contention that the appeal should be dismissed because petitioner appealed from Supreme Court's order but not from the subsequently issued judgment. Since the judgment is not materially different from the order and no prejudice has been shown, we exercise our discretion to deem the appeal to have been taken from the final judgment (see CPLR 5520 [c]; Harrington v Harrington, 300 AD2d 861, 862 [2002]; Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp., 277 AD2d 782, 783 [2000], lv denied 96 NY2d 708 [2001]).

In support of its application to vacate the award, petitioner claims that the water leak is the result of the conversion done by American Vans and is thus not covered by petitioner's express warranty on the vehicle, which excludes damage resulting from "alteration or modification . . . after final assembly by

[petitioner]."* Petitioner further argues that a manufacturer's express warranty limits the scope of its responsibility under the Lemon Law and that, consequently, respondent has no remedy against petitioner for the water leak under that statute. Respondent counters that even if petitioner's express warranty does not cover the defect here, the Lemon Law creates a separate statutory warranty that imposes liability upon manufacturers for *"any* defect or condition which substantially impairs the value of the motor vehicle to the consumer" regardless of whether such defect is covered by a manufacturer's express warranty (General Business Law § 198-a [c] [1] [emphasis added]).

In fact, the issue here can be much more narrowly defined than the parties' arguments imply; specifically, may a manufacturer explicitly exclude from its express warranty damage resulting from any alterations made "after final assembly by [petitioner]," and does such an exclusion also relieve the manufacturer from responsibility under the Lemon Law? That question was implicitly decided in the affirmative more than a decade ago in *Matter of General Motors Corp. v Lee* (193 AD2d 741 [1993]). In that case the facts were similar to these, except that the warranty exclusion at issue there was located in a portion of the warranty relating to buyer conduct, and did "not specifically exclude alterations made to the vehicle by the dealer before the sale to the consumer" (*id.* at 742). Because the petitioner failed to explicitly exclude such alterations from its warranty protection, the Court held the petitioner responsible under the Lemon Law (*id.*).

It follows from *Matter of General Motors Corp. v Lee* (*supra*) that a manufacturer could, with appropriately specific language, exclude such alterations from coverage under both its express warranty and the Lemon Law. Indeed, trial courts have applied that case in that manner when evaluating the very exclusion at issue herein, as well as other similar provisions, and found them sufficient to limit manufacturers' Lemon Law liability for dealer alterations (*see e.g. Matter of DaimlerChrysler Corp. v Boschetti*, Sup Ct, Albany County, Oct. 1, 2004, Cannizzaro, J., Index No. 2854/04; *Matter of General Motors Corp. v Baker*, Sup Ct, Albany County, Apr. 27, 2004, Cannizzaro, J., Index No. 7089/03; *Matter of General Motors Corp. v Tauber*, Sup Ct, Rockland County, Oct. 4, 2000, Bergerman, J., Index No. 3016/00).

---

* Respondent claims that Hustedt provided him with the express warranty for a 2003 Chevrolet Light Duty Truck. Petitioner contends that the vehicle at issue here is subject to the Chevrolet New Cutaway Chassis Limited Warranty. Because the relevant exclusionary language is found in both warranties, our decision in this case would apply under either warranty.

Returning to the case at hand, we note that the standard of review of a Lemon Law arbitration award is whether it accords with due process, is supported by adequate record evidence, and is rational and not arbitrary and capricious (*see Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990]; *Matter of General Motors Corp. [Gurau]*, 33 AD3d 1149, 1151 [2006]). Here, it is unrefuted that the only evidence at the hearing regarding the cause of the leaky windshield was the expert testimony offered by petitioner's area service manager, who examined the vehicle and its lengthy repair history and opined that the leak was caused by the extensive conversion of the vehicle by American Vans. Respondent does not contend that the conversion was done at petitioner's request or with petitioner's knowledge of the specific alterations that would be made. Given petitioner's express exclusion of alterations made after final assembly by petitioner, we conclude that the arbitrator's award is not supported by adequate record evidence of respondent's entitlement to relief under the Lemon Law (*see Matter of General Motors Corp. v Lee, supra* at 742). Therefore, we reverse the order of Supreme Court, grant the petition and vacate the award.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, respondent's cross application denied, petitioner's application granted and arbitration award vacated.