*420 Appeal from order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 10, 2012, which, to the extent appealed from as limited by the briefs, denied the petition to partially vacate an arbitration award, confirmed the award, and granted respondent’s request for attorneys’ fees and costs in this litigation, deemed an appeal from judgment, same court and Justice, entered June 14, 2012, and, so considered, the judgment unanimously modified, on the law, to deny respondent’s request for attorneys’ fees and costs, and otherwise affirmed, without costs.
Assuming, due to the state of the appellate record (see 2013 NY Slip Op 74962[U] [1st Dept 2013]), that petitioner was served with the judgment shortly after it was entered — as opposed to on March 8, 2013 — we exercise our discretion pursuant to CPLR 5520 (c) to deem the appeal from the order an appeal from the judgment, as the two are “not materially different” (Matter of General Motors Corp. [Sheikh], 41 AD3d 993, 994 [3d Dept 2007]).
Petitioner should not be heard to argue that the arbitrator exceeded his power (see 9 USC § 10 [a] [4]) by awarding respondent royalties based on petitioner’s underreporting of sales. In the parties’ contract, petitioner agreed that arbitration would take place pursuant to the International Arbitration Rules of the International Centre for Dispute Resolution, and article 15 (1) of those rules provides that the arbitrator “shall have the power to rule on its own jurisdiction, including any objections with respect to the . . . scope ... of the arbitration agreement.” In addition, petitioner prevented respondent from conducting the audit that petitioner now contends, in essence, was a condition precedent to awarding underreported royalties. “[A] party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition” (ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006] [internal quotation marks omitted]; see also DeCapua v Dine-A-Mate, Inc., 292 AD2d 489, 491 [2d Dept 2002] [“The plaintiff was not entitled to enforce the restrictive covenant in the contract since he breached the contract first”]). In any event, the audit clause is permissive, not mandatory (see Toshiba Corp. v American Media Intl., LLC, 2012 WL 3822759, *5, 2012 US Dist LEXIS 125344, *16 [SD NY, Sept. 4, 2012, No. 12 Civ 800(DLC)]).
Even if we were to reach the merits, we would find that the *421 arbitrator did not exceed his power. Indeed, the parties agreed to arbitrate “[a] 11 claims ... to enforce the terms of th[eir] [License] Agreement.” In the arbitration, respondent was seeking to enforce a term of the agreement — namely, petitioner’s obligation to pay royalties. Respondent’s claim that petitioner was underreporting royalties involved matters covered by the parties’ agreement. Accordingly, the claim was subject to arbitration (see Collins & Aikman Prods. Co. v Building Sys., Inc., 58 F3d 16, 21 [2d Cir 1995]). Article 2.15 of the parties’ agreement providing for an independent audit did not preclude the arbitrator’s award of royalties based on petitioner’s under-reporting of sales (see Matter of Lamotte v Beiter, 34 AD3d 356 [1st Dept 2006]).
Petitioner improperly argues for the first time on appeal that the award was irrational because it was not supported by reliable evidence. In any event, petitioner should not be heard to argue that the governmental import/export data on which respondent relied in the arbitration were unreliable, given that petitioner refused to comply with respondent’s document requests in the arbitration.
Respondent, the prevailing party in this litigation, is not entitled to attorneys’ fees and costs, as there is no statute, agreement or court rule authorizing that award (see Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 204 [1st Dept 2010], lv denied 17 NY3d 713 [2011]). 22 NYCRR 130-1.1 does not entitle respondent to recoup attorneys’ fees in this special proceeding. Indeed, the IAS court explicitly concluded that there was no basis for respondent’s request for sanctions against petitioner pursuant to 22 NYCRR 130-1.1, and respondent did not cross-appeal. Petitioner opposed respondent’s request and did not waive this issue. Concur — Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.